### OFFICIAL AVIATION GUIDE CO., Inc. v. AMERICAN AVIATION ASSOCIATES, Inc., et al.

### No. 9222.

Circuit Court of Appeals, Seventh Circuit.
June 17, 1947.

J. Glenn Shehee, Wilfred S. Stone, Hayes & Shehee and Stone, Artman & Bisson, all of Chicago, Ill., for appellant.

Clarence J. Loftus, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is the second appeal in this case. The facts are set forth in our former opinion, 7 Cir., 150 F.2d 173. The plaintiff sued the defendants for infringement of five copyrights and for unfair competition. The defendants answered denying infringement and also by amended and supplemental counterclaim alleged that if the plaintiff had any rights under the asserted copyrights which the defendants had infringed, the plaintiff had infringed under like circumstances seven copyrights owned by the defendants. The District Court granted a permanent injunction against the defendants without bond and dismissed the defendants' counterclaim. The defendants appealed from the judgment granting relief on the plaintiff's complaint and dismissing their counterclaim. We reversed the judgment in favor of the plaintiff, holding that there was neither infringement nor unfair competition, and remanded the cause to the District Court with directions to dismiss the complaint. We affirmed the action of the District Court in dismissing the counterclaim and awarded costs in this Court, which costs were thereafter taxed at $759.77 in favor of the defendants and are not further questioned.

The defendants subsequently made a motion in which they claimed, first, full costs in resisting the complaint in the District Court; secondly, attorneys' fees; and third, $7,175 damages for the wrongful entry of the permanent injunction. The District Court denied the defendants' motion and entered an order dismissing the complaint and the counterclaim with prejudice, without costs in the District Court and without attorneys' fees to either party, and denying the defendants' claim for damages. The defendants have appealed from the court's order.

The defendants contend that they successfuly resisted the plaintiff's suit in the District Court and that their counterclaim was, as the defendants designated it, a "contingent counterclaim" to be allowed only in the event the plaintiff was held to have rights under the asserted copyrights that were infringed. But for the counterclaim, there is no question but that the defendants would have been entitled to full costs. The governing statute reads as follows: "Costs; attorney's fees. In all actions, suits, or proceedings under this title * * * full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs." 17 U.S.C.A. § 40.

■■ In short, full costs are mandatory in favor of the successful or prevailing party. Does the fact that the defendants filed a counterclaim which was dismissed change the situation any? We think not. The plaintiff lost the lawsuit, and the defendants were the prevailing party.[1] The counterclaim of the defendants, which was claiming the same kind of rights as the plaintiff was asserting, was bound to fail when the defendants defeated the plaintiff's complaint. The defendants' counterclaim was merely an instrumentality of defense and was asserted only to ward off the assault of the plaintiff. It was an alternative defense. It was a shield and not a sword. The color and substance of the suit litigated in the District Court were given entirely by the plaintiff's complaint. Since the defendants successfully defended in the District Court, we think the provisions of the above statute entitle the defendants to an award of full costs in that court. Since the defendants were the successful or prevailing party, the District Court had no discretion as to the ordinary costs under the said statute which, as we have said, is mandatory in favor of the prevailing party.

■■ The same provision of this statute that we think is mandatory as to ordinary costs is wholly discretionary, as to extraordinary costs of attorneys' fees. The instant case was hard fought and prosecuted in good faith, and it presented a complex problem in law. There were no further facts or circumstances which would indicate that the court had abused its discretion in denying attorneys' fees. We could reverse, in an appealable case, only for an abuse of discretion in allowing or not allowing attorneys' fees. Advertisers Exchange v. Anderson, 8 Cir., 144 F.2d 907, 909; Buck v. Bilkie, 9 Cir., 63 F.2d 447; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460, 461.

■■ The defendants' claim for damages, which they asserted the right to have the District Court settle at the same time it was passing upon the costs and attorneys' fees, relies upon the following statute of Illinois: "In all cases where an injunction is dissolved by any court of chancery in this state, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: Provided, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond." Ill.Rev.Stat.1945, Chap. 69, Sec.12.

This is a remedial statute the terms of which govern the procedure in the State courts. Since it is a remedial statute of the

---

[1] As to who is the prevailing party, we find no Federal authorities. But see Checketts v. Collings, 78 Utah 93, 1 P. 2d 950, 75 A.L.R. 1393.

544

procedure in the courts of Illinois, it can have no force and effect in the Federal courts. Procedure in the Federal courts is governed by the Federal Rules of Civil Procedure. The H F G Co. v. Pioneer Publishing Co. et al., 7 Cir. 1947, 162 F.2d 536. Even if the statute were effective in the Federal courts, it would not be applicable here to a case of a permanent injunction, as the courts of Illinois have held that this statute is applicable only to the dissolution of temporary injunctions. R. M. C. Corporation v. Genco, Inc., 330 Ill.App. 192, 200, 71 N.E.2d 189, 193.

Since we are of the opinion that 17 U.S. C.A. § 40 is mandatory in favor of the prevailing party as to ordinary costs incurred in defending the plaintiff's suit, the judgment of the District Court is reversed and the cause remanded with directions to allow full costs to the defendants for successfuly resisting the plaintiff's suit in the District Court. In other respects, the judgment of the District Court is affirmed, with costs to the appellants in this Court.