Marvin DALTON, Appellant,

v.

EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA; and North Carolina State Personnel Commission, Appellees.

No. 81–1242.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1981.

Decided Feb. 25, 1982.

Rehearing and Rehearing En Banc Denied April 21, 1982.

Kenneth N. Flaxman, Durham, N. C. (Julius LeVonne Chambers, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P. A., Charlotte, N. C., on brief), for appellant.

Norma S. Harrell, Asst. Atty. Gen., Thomas S. Whitaker, Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen., Raleigh, N. C., on brief), for appellees.

Before HAYNSWORTH, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges.

**DONALD RUSSELL, Circuit Judge:**

The plaintiff/appellant Marvin Dalton, along with three other plaintiffs, suing individually and as representatives of a proposed class, filed in May, 1975, a discrimination action under Title VII, 42 U.S.C. § 2000e et seq., and § 1981, 42 U.S.C., against the defendant Employment Security Commission of North Carolina, and certain individual defendants.[1] Early in the proceedings the individual defendants were, however, dismissed as parties, by consent.

The action seems to have proceeded haltingly with the plaintiffs seeking class certification only in 1979, about three years after the action was filed. In response to what the defendants urged was plaintiffs' belated request for class certification, the defendants moved for summary judgment for failure of the plaintiffs to prosecute their action diligently. The district judge refused to grant summary judgment at this stage of the proceedings for failure to prosecute diligently. He construed, though, the § 1981 action against the defendants who remained, (i.e., the two State Departments) as in effect one against the State and held that, under the Eleventh Amendment, the plaintiffs could not recover against those Departments a money judgment but were restricted in remedy to injunctive relief. That ruling is not challenged in this appeal. In the same order the district judge did dismiss three of the plaintiffs, including the plaintiff Dalton, as plaintiffs because of their failure to file a charge with, or to obtain a right-to-sue letter from, the Equal Employment Opportunity Commission before suit. In each instance, however, he authorized the participation of the dismissed plaintiffs as members of the class simultaneously certified with Bailey as a class representative, if they qualified as a member of such class.[2] At the same time a class certification, stated to be tentative and conditional, was approved with Bailey

1. On motion of the Employment Security Commission, the State Personnel Commission of North Carolina was added as a defendant.

2. Of the four plaintiffs only the plaintiff Bailey had filed charges of discrimination with the

EEOC and obtained a right-to-sue letter prior to suit. The plaintiff McLean had filed charges

designated as class representative. This tentative class certification, entered on May 7, 1980, was later amended to define the certified class as:

"All black persons employed by the Employment Security Commission of North Carolina on or after May 17, 1973 who were denied promotions, or who were deterred from applying for promotions, because of the promotional testing program used by the Employment Security Commission prior to November, 1975." [3]

On the eve of trial, some five or six years after the action had been begun, the parties agreed on a "Consent Decree" which expressly stipulated that it was "a final adjudication of all issues raised in this action, excepting that of Walter Bailey." This Decree was consented to by counsel for the defendants and by the attorneys for the plaintiffs who had filed the action originally on behalf of all four plaintiffs and for whom an allowance of attorneys fees and costs was made. The district judge to whom the Decree was submitted for approval, ordered notice to be given to all interested parties, with opportunity to anyone dissatisfied to object, before determining to approve it. Such notice was published in some seventeen newspapers located in all parts of the State, including all the leading dailies. There being no objection filed, the Decree was duly entered on November 10, 1980, after a finding by the Court "that this Decree will further the objectives of Title VII, and should be approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure." The Court retained "jurisdiction of this matter for the entry of such orders as [might] be necessary." Primarily, this retention of jurisdiction was to resolve the claim of the plaintiff Walter Bailey. Finally, on January 28, 1980, the Court finding that the "personal claims of plaintiff Walter Bailey [had] been resolved among the parties," dismissed the action "with prejudice," adding "that this order shall serve as the final adjudication of all issues raised in this action." That order was also agreed to by counsel.

The plaintiff Dalton has now appealed from the final decision in this proceeding "insofar as said order made final and appealable a) the order of May 5, 1978 dismissing original plaintiff Dalton as a named plaintiff and b) the order of May 7, 1980 excluding unsuccessful applicants for employment from the plaintiff class."

█ The basis for the district court's order dismissing Dalton as a plaintiff in the Title VII action, which is Dalton's first assignment of error, was his failure to file a charge with or to receive a right-to-sue letter from the EEOC. It is the position of Dalton that the filing of a charge with the EEOC is not an essential qualification of a plaintiff under Title VII in a multi-plaintiff action. Concededly any Title VII claim of Dalton, had he filed as the sole plaintiff, would have been properly dismissed for failure to file a charge with the EEOC. There is some confusion in the decisions on the

---

but she had not received a right-to-sue letter. Neither the plaintiff Hubbard nor the plaintiff-appellant Dalton had filed charges of discrimination with the EEOC or obtained a right-to-sue letter.

The claim of discrimination by Bailey was discriminatory treatment as an employee; that by McLean discriminatory denial of promotion, and that by Dalton and Hubbard discriminatory failure to hire after successfully passing the test for applicants. There is, however, in the record an affidavit from the official in charge of the records of the defendant that there is no record that Dalton either ever applied for employment or had taken the test for applicants. This discrepancy between the defendants' records and the plaintiff Dalton's claim was not resolved.

**3.** This certification was, oddly enough, different from the actual charges filed by Bailey with the EEOC. Bailey had filed three complaints with the EEOC; the first on November 9, 1973, the second on February 17, 1975, and the third (designated as "Amended") on October 6, 1975. In his first charge he claimed that he was being required to "spend an hour to an hour and a half [of] my day relieving the receptionist," despite the fact that this was not "required of the other Employment Counselor who is white." The second charge complained of harassment "because [he] filed a complaint charging unlawful employment practices with EEOC in November of 1973." The final, or "Amended," charge was that the complainant had been "discharged . . . because of [his] race (Negro) and retaliated against because [he] previously filed a charge alleging unlawful employment practices."

treatment to be accorded his claim if he sues along with other plaintiffs who have qualified by filing charges with, and receiving a right-to-sue letter from, the EEOC. Some of the decisions hold categorically that such a plaintiff should be dismissed.[4] That was the rule followed by the district court in this case. In other decisions, the standing of a non-charging plaintiff has been upheld if his claim is "substantially identical" with that of another plaintiff who has standing under Title VII to sue.[5] Though the district court did not advert to this more liberal line of cases, it is obvious that Dalton would not have had a right to remain as a party plaintiff under the rationale of such cases since his claim was not "substantially identical" with that of Bailey, the only plaintiff with standing to maintain a Title VII action. Dalton's complaint alleged discrimination in hiring; Bailey's charges were for discriminatory treatment in employment. Dalton's dismissal as a party plaintiff in the Title VII action was accordingly proper. The conclusion that his dismissal as plaintiff was proper also disposes of Dalton's second claim on appeal (so far as a Title VII action is concerned) that he was improperly denied the right to represent applicants for employment as a class representative.

■ But Dalton argued that, even if his dismissal as a plaintiff in the Title VII action and the failure to certify him as a class representative were appropriate, the dismissal of his claim under § 1981 was erroneous, since the filing of a charge with the EEOC is not a condition to the right to maintain a § 1981 action. The position of Dalton on this point is sound. However, he has actually suffered no prejudice by the dismissal of such action. Under the ruling of the district court—not contested by Dalton—Dalton's remedy in the § 1981 action was limited to injunctive relief. The Consent Decree provides complete injunctive relief against "discriminating on the basis of race, sex or national origin in hiring, promotion, upgrading, training, assignment or discharge or otherwise discriminating

against an individual employee with respect to compensation, terms and conditions or privileges of employment because of such individual's race, sex or national origin." That provides as much relief as Dalton could have secured had he continued as a plaintiff in the § 1981 action and had been certified as a class representative. Thus any error in dismissing Dalton as a plaintiff in the § 1981 action and as a class representative was harmless.

■ Finally, it would seem that the Consent Decree precludes continued assertion of a claim in this proceeding by Dalton. His counsel consented to the Consent Decree. Moreover, the fullest possible public notice of that Decree was given all interested parties, including the plaintiff Dalton. That Decree was expressly declared to be a final resolution of all issues in the case with a single exception in favor of the claim of the plaintiff Bailey. The Decree should be given proper effect. If it is given such effect, there is no basis for appeal herein.

We accordingly find no merit in the appellant's claim for the reasons assigned and affirm the judgment of the district court.

AFFIRMED.

---

4. *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 558–59 (9th Cir. 1977).

5. *Crawford v. United States Steel Corp.*, 660 F.2d 663, 665–66 (5th Cir. 1981).