**Cary COHEN,**

v.

**VIRGINIA ELECTRIC & POWER CO.**

**Civ. A. No. 84–0577–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 30, 1985.

Robert P. Geary, Geary & Davenport, Richmond, Va., for plaintiff.

Jack McClard, Ray V. Hartwell, III, Hunton & Williams, Richmond, Va., for defense.

## OPINION

WARRINER, District Judge.

Presently before the Court is defendant's motion for costs and attorney's fees brought pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505 (1982).

On 10 May 1985 this Court granted plaintiff leave to withdraw his complaint thus defendant is the prevailing party. Defendant then filed its motion for costs and attorney's fees pursuant to Fed.R.Civ.P. 11 and also pursuant to Section 505 of the Copyright Act. Plaintiff filed his memorandum in opposition to that motion and this Court conducted a hearing on the petition for attorney's fees on 6 August 1985. At that hearing I declined to impose sanctions on the basis of Rule 11. I took under advisement the issue of whether defendant is entitled to costs and attorney's fees under Section 505. At the conclusion of the hearing, counsel for both parties agreed to confer to determine whether the parties could reach a settlement on the issue. I have been advised that they have been unable to do so. Hence I must decide defendants' entitlement to counsel fees as the prevailing party. The issue presented is whether a prevailing defendant is to be treated less favorably than a prevailing plaintiff in awarding counsel fees and costs under § 505.

Section 505 of the Copyright Act provides that:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Neither the Fourth Circuit nor the Supreme Court has interpreted Section 505 in this context. The legislative history of the Section available to me is comprised of the following sentence: "Under Section 505 the awarding of costs and attorney's fees are left to the court's discretion, and the section also makes clear that neither costs nor attorney's fee can be awarded to or against 'the United States or an officer thereof.'" H.R.Rep. No. 1476, 94th Cong., 2d Sess. 163, reprinted in 1976 U.S.Code Cong. & Ad.News 5659, 5779.

Plaintiff contends that a prevailing defendant is entitled to counsel fees only if it can show that the plaintiff's suit was frivolous, vexatious, brought in bad faith or was intended merely for harassment. In his memorandum in opposition to defendant's motion, plaintiff observes that Section 505 of the Copyright Act is similar in many respects to the attorney's fees provision of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(k) (1982) and to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1982). The Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), held that in order for a defendant to recover attorney's fees under Title VII, defendant must show that plaintiff's action was frivolous, meritless, or

vexatious. *Id.* at 421, 98 S.Ct. at 700. Similarly, under 42 U.S.C. § 1988 a prevailing defendant is entitled to attorney's fees "only where it is shown that [plaintiff's] suit was clearly frivolous, vexatious, or brought for harassment purposes." Senate Report No. 1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5912. This interpretation of the meanings of the two statutes prevails despite the wholly even-handed nature of the language of both statutes. Thus it is clear that the words Congress uses in such statutes does not necessarily convey the intent of Congress as discerned by the courts.

Plaintiff's argument that the Court should interpret Section 505 of the Copyright Act in a similar fashion and to allow prevailing defendants to recover attorney's fees only where a plaintiff's claim is meritless, frivolous, or vexatious is not persuasive, however. Unlike that of Section 505, the legislative history of 42 U.S.C. § 1988 reflects a congressional intent (albeit belied by the statutory language) to enable plaintiffs to recover attorneys' fees readily but to allow defendants reimbursement for fees only where a plaintiff's suit was frivolous or otherwise without merit. As previously noted, the Senate Report recommending the enactment of the Civil Rights Attorney's Fees Award Act of 1976 explicitly makes such distinction between those circumstances under which a defendant, as opposed to a plaintiff, may recover. The Report also cites with approval cases in which the federal courts previously had made such a distinction. See Senate Report No. 94, supra, at 5, reprinted in 1976 U.S.Code Cong. & Ad.News at 5912.

Although nothing in the legislative history of Title VII explicitly states that a defendant may recover attorney's fees only where the plaintiff's suit was frivolous, vexatious, or otherwise brought in bad faith, the Supreme Court nevertheless discerned from the legislative history that Congress did not intend plaintiffs and defendants to be on an equal footing with respect to recovery of attorney's fees. The

legislative history, according to the Court indicates that:

> the fee provision was included to "make it easier for a plaintiff of limited means to bring a meritorious suit." During the Senate floor discussions of the almost identical attorney's fee provisions of Title II, however, several senators explained that its allowance of awards to defendants would serve "to deter the bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought."

*Christiansburg Garment Co.,* 434 U.S. at 420, 98 S.Ct. at 700 (footnotes omitted). From this legislative history the Court ruled that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700.

■ No analogous legislative history exists with regard to Section 505 of the Copyright Act or its predecessor provisions. In fact, absolutely nothing in the legislative history of Section 505 indicates that Congress intended a different standard to apply where a prevailing defendant, as opposed to a prevailing plaintiff, seeks to recover costs and attorney's fees. Absent an explicit statement from Congress varying the plain language of the statute, I will not take the unwarranted liberty of applying to defendant a standard different from that I would apply to a prevailing plaintiff. The language of the statute surely gives me no ground for treating the parties differently.

The lack of legislative history justifying differing standards constrains me not to follow *Diamond v. Am-Law Publishing Corp.,* 745 F.2d 142 (2d Cir.1984). In *Diamond* the Second Circuit held with respect to § 505 that "a distinction exists between the award of fees to a prevailing plaintiff and an award to a prevailing defendant." *Id.* at 148. The court ruled that a prevailing defendant may recover attorney's fees

under Section 505 only where "the plaintiff's claims are objectively without arguable merit." *Id.*

My research into the line of precedent relied upon by the *Diamond* court reveals that *Diamond* is the culmination of a long line of bootstrapping from nothing to something. The starting point of Second Circuit decisions interpreting the award of attorney's fees under the Copyright Act is *Edward B. Marks Music Corp. v. Continental Record Co.*, 222 F.2d 488 (2d Cir.1955). In that case the court, in an exercise of its discretion, declined to award attorney's fees to defendants on appeal because the suit brought by plaintiff was "not vexatious" and because the Court could find "no basis for questioning the good faith of the plaintiff." *Id.* at 493.[1]

The Second Circuit had not held in *Edward B. Marks Corp.* that a distinction exists between the basis for an award of fees to a prevailing defendant and an award to a prevailing plaintiff. Neither did the *Edward B. Marks Corp.* court hold that in all cases a defendant must prove that the suit was "vexatious" or brought in bad faith before it might be entitled to counsel fees. The court in *Edward B. Marks Corp.* only listed some factors it considered in determining whether in its discretion the award of attorney's fees was warranted in that case. *Edward B. Marks Corp.* nevertheless was mis-cited thirteen years later by a district court for the proposition that an award of attorney's fees to a defendant could be made only where the plaintiff brought "a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." *Breffort v. I Had A Ball Company*, 271 F.Supp. 623, 627 (S.D.N.Y.1967).

The *Diamond* court also cited *Mailer v. R.K.O. Teleradio Pictures, Inc.*, 332 F.2d 747 (2d Cir.1964), to support its holding that the prevailing defendant can recover only when "the plaintiff's claims are objectively without arguable merit." *Diamond*, 745 F.2d at 148. The court in *Mailer* in fact did not hold that a different standard applies to prevailing defendants in the award of attorney's fees under the Copyright Act. As had the court in *Edward B. Marks*, the *Mailer* panel simply stated that the district court had not abused its discretion in awarding minimal attorney's fees to defendants and in justifying such award on the fact that the plaintiff's claim was neither "synthetic" nor "capricious." *Id.* at 749.

Even if the Second Circuit's somewhat free reading of its own precedent were not problematic in itself, the Second Circuit's statement of the law in *Diamond* is improper. As noted previously, absolutely nothing in the statute or in the legislative history gives to courts any authority to distinguish between an award of attorney's fees to a prevailing defendant and an award to a prevailing plaintiff.

Nor am I persuaded that a distinction should be made in an award because there is some need to encourage plaintiffs to file suit which differs in public benefit from a need to encourage defendants to defend suits. Copyright laws are not intended for the benefit of prospective plaintiffs. Who may be a plaintiff and who may be a defendant doesn't define the difference between good guys and bad guys. Nor can we assume that plaintiffs are inherently impecunious while defendants have deep pockets. Entities which sue for copyright infringement as plaintiffs can run the gam-

---

1. The Court in *Edward B. Marks Corp.* relied upon *Official Aviation Guide Company v. American Aviation Associates*, 162 F.2d 541 (7th Cir. 1947) and *Overman v. Loesser*, 205 F.2d 521 (9th Cir.1953).

In *Official Aviation Guide Company*, the Seventh Circuit held that the district court had not abused its discretion in refusing to award attorney's fees to prevailing defendants. The Court noted that the case was "hard-fought and prosecuted in good faith," and stated that it would reverse a district court only where there had been an abuse of discretion. 162 F.2d at 543. In *Overman*, the Ninth Circuit refused to award attorney's fees for the appeal because the case was "hard-fought" and there was "no indication that the appeal was pursued in bad faith." 205 F.2d at 521. Neither in these cases nor in *Edward B. Marks Corp.* did a court indicate that different standards applied in the award of attorney's fees to a prevailing defendant as opposed to a prevailing plaintiff.

ut from corporate behemoths to starving artists; the same is true of prospective copyright infringement defendants. Nor can it be argued on any principled ground that society is better off when a plaintiff files and wins a copyright infringement suit than when a defendant defends and wins a copyright infringement suit. Indeed, if there is any difference between the two we must remember that it wasn't the defendant who chose to litigate.

 In any event this Court is not bound by the Second Circuit's interpretation of the statute. Since Congress has made no indication to the contrary, explicitly or implicitly, I am bound by the plain language of the statute. The statute surely says nothing more or less than that a judge is to use an even-handed approach in awarding attorney's fees to a prevailing party. *See* H.R.Rep. No. 1476, *supra,* at p. 163, *reprinted in* U.S.Code Cong. & Ad.News at 5779. Looking at the case in this light I perceive that although plaintiff had a basis for believing that discovery might disclose liability, he did not pursue discovery with zeal. Indeed, it was defendant who pursued discovery and it was defendant who discovered that facts which plaintiff reasonably thought *might exist, did not exist.* Though there was no objective bad faith in instituting the action, and I suspect there was no subjective bad faith, nevertheless plaintiff caused defendant considerable expense and trouble in plaintiff's losing cause. In other words, plaintiff lost and deserved to lose and there is no reason why the discretion of the Court should not be exercised to award fees in accordance with the provisions of the statute. Accordingly, counsel fees will be awarded.

Having reviewed the parties' respective memoranda as to the amount to be awarded, I find room for maneuver on the part of both. Some of the objections as to duplicative effort, charging in one-quarter hour increments, excessive time for drafting, and the like, appear to have merit. Counsel, being good lawyers, can resolve these areas of dispute without agreeing on the Court's substantive ruling. If they are un-

able to resolve all their disagreements, they can narrow their differences. Counsel shall confer together to this end and shall obtain a date for a status conference ten days to two weeks hence to report their success.

And it is so ORDERED.