**Cary COHEN, Appellant,**

**v.**

**VIRGINIA ELECTRIC AND POWER COMPANY, Appellee.** (Two Cases).

Nos. 85–2082, 85–2116.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1986.

Decided April 15, 1986.

Robert P. Geary (Geary & Davenport, William J. Doran, III, Richmond, Va., on brief), for appellant.

Jack E. McClard (Hill B. Wellford, Ray V. Hartwell, III, Ann T. Burks, Hunton & Williams, Richmond, Va., on brief), for appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and GORDON, Senior United

States District Judge for the Middle District of North Carolina, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Cary Cohen appeals from judgments of the district court, 617 F.Supp. 619, assessing sanctions against him and his attorney for violations of Fed.R.Civ.P. 11 and awarding statutory attorneys fees to Virginia Electric and Power Company (VEPCO) pursuant to 17 U.S.C. § 505 (1982). We find that the district court did not abuse its discretion by awarding attorneys fees and costs pursuant to Rule 11, and dismiss Cohen's appeal from the consent judgment that incorporated the statutory fees award. We also decline to award to VEPCO its fees and costs on this appeal.

I

Cohen sued VEPCO alleging copyright infringement, breach of contract, tortious interference with business relationships, and unfair competition. The sole basis for federal jurisdiction in the action was the alleged copyright infringement by VEPCO. Cohen sought injunctive relief and actual or statutory damages for copyright infringement, costs and fees, and damages for the state common-law claims.

VEPCO moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed the unfair competition claim and later granted a partial summary judgment against Cohen on the copyright claims for statutory damages and attorneys fees. During the pendency of VEPCO's motion for partial summary judgment, Cohen changed counsel and then requested leave to amend his complaint to add new state law counts alleging defamation and unlawful termination. VEPCO responded to the motion for leave to amend with a nineteen-page memorandum opposing the motion, whereupon the motion for leave to amend was withdrawn by Cohen.

VEPCO moved for Rule 11 sanctions for its fees and expenses associated with the motion for leave to amend. The district court found that Cohen's motion had been interposed solely for the purpose of determining whether VEPCO would oppose it, with the intention of withdrawing the motion if VEPCO indicated any opposition. The district court granted the motion for sanctions and entered a judgment for fees and costs in the amount of $2,814.14 jointly and severally against Cohen and his counsel.

After conducting discovery, VEPCO also sought summary judgment against Cohen's copyright claims. Before the summary judgment motion was ruled upon, Cohen agreed to stipulate to the voluntary dismissal with prejudice of the copyright claims and to the dismissal without prejudice of his pendent state common-law claims. VEPCO reserved its right to pursue its fees and costs associated with defending Cohen's copyright claims, and later moved for an award of attorneys fees pursuant to both Rule 11 and the copyright attorneys fees statute, 17 U.S.C. § 505 (1982).

The district court denied further Rule 11 sanctions, but awarded fees and costs pursuant to § 505. The court instructed the parties to agree on the amount of the costs and fees. Judgment was entered upon a consent order that specified fees and costs of $54,503.40 and that provided that VEPCO would not seek to enforce the judgment until Cohen's common-law claims pending in Virginia state courts were resolved. Cohen has appealed from both the order awarding Rule 11 sanctions and the judgment entered upon the consent order.

II

Awards of Rule 11 sanctions by a district court are reviewed under an abuse of discretion standard. *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165, 174 (4th Cir.1985). Cohen argues that the district court improperly construed Rule 11 in awarding VEPCO attorneys fees and costs after Cohen withdrew his motion for leave to amend.

Rule 11 requires a court to impose sanctions for violations of the rule. Under the rule, the signature of an attorney constitutes a certification that to the best of his knowledge, information, and belief formed after reasonable inquiry a paper or pleading signed by the attorney is (1) well grounded in fact and (2) warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and (3) not interposed for any improper purpose. The district court found that Cohen's motion for leave to amend was interposed for the improper purpose of determining whether VEPCO would resist it, and withdrawn in accordance with a pre-conceived plan to do so if it were opposed. For that violation of the rule, the district court assessed fees and costs.

Cohen argues that there was a reasonably clear legal justification for filing the motion to amend because there was a risk that the statute of limitations would run against his defamation and unlawful termination claims. However, we are unable, as an appellate court, to say that the district court abused its discretion. Although Cohen's attorney did not act in bad faith in filing the pleading, because there was a legal basis for the claims he asserted, the evidence before the district court established that Cohen and his attorney decided in advance that if VEPCO indicated any opposition to their motion, they would withdraw it. VEPCO went to considerable expense in *opposing the motion after it was* filed, a burden that it need not have undertaken. If it were the plan of Cohen and his attorney to withdraw the motion immediately upon discovering that there would be opposition to it, VEPCO's attorneys could have been informally contacted in order to ascertain whether they would object. Instead, Cohen and his attorney filed a motion that they had no intention of pursuing if it were opposed. Under such circumstances, the district court did not abuse its discretion in finding that the motion for leave to amend was filed for an improper purpose in violation of Rule 11.

### III

■ Cohen also contends that the district court improperly awarded attorneys fees under the copyright statute, basing his argument upon the distinction between prevailing defendants and prevailing plaintiffs in copyright cases. We need not reach this legal question, however, because we conclude that Cohen may not appeal from the consent judgment awarding VEPCO these statutory fees. The consent order and judgment was endorsed by counsel from both sides, with the notation "we ask for this." Cohen now attempts to escape the effect of the consent judgment by arguing that he was only consenting to the amount of fees, and that he was doing so because the court had already ordered that fees would be awarded. Nevertheless, the plain language of the consent order makes clear that the parties are acquiescing in the award of attorneys fees. There is no indication on the face of the order that Cohen was reserving any rights to appeal the judgment. The consent judgment also manifests a compromise by VEPCO in its agreement not to seek to execute the judgment until completion of Cohen's state court actions.

Cohen has not claimed lack of actual consent to entry of the judgment nor fraud in its inducement. Had Cohen desired to preserve his right to appeal from the determination of liability for the award of attorneys fees, he might have embodied that reservation in the judgment. Because he has not done so, we may not entertain his appeal from the consent judgment. *See Swift & Co. v. United States*, 276 U.S. 311, 323–24, 48 S.Ct. 311, 313–14, 72 L.Ed. 587 (1928); *Dalton v. Employment Security Commission*, 671 F.2d 835, 838 (4th Cir. 1982).

### IV

■ We decline to remand this case to the district court for consideration of whether VEPCO should be awarded attorneys fees in connection with this appeal. Although we have determined upon review that Cohen's appeal is without merit, we do not view this as a case where Cohen's

**250**

claims were so frivolous that he should be sanctioned for taking the appeal.

The judgment of the district court ordering Cohen and his counsel to pay attorneys fees and costs to VEPCO for a violation of Rule 11 is affirmed, and Cohen's appeal from the judgment awarding attorneys fees under the copyright statute is dismissed.

SO ORDERED.