819 F.2d 1137
 8 Fed.R.Serv.3d 139
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cary COHEN, Plaintiff-Appellant,
v.
VIRGINIA ELECTRIC POWER COMPANY, Defendant-Appellee,
Authors League of America, Inc., Amicus Curiae.
Cary COHEN, Plaintiff-Appellee,
v.
VIRGINIA ELECTRIC POWER COMPANY, Defendant-Appellant.
 Nos. 86-1164, 86-1169.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided May 26, 1987.
 
 Before RUSSELL and PHILLIPS, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Robert Patrick Geary (Geary & Davenport, on brief), for appellant.
 Jack Edward McClard (Ray V. Hartwell, III; Ann T. Burks; Hill B. Wellford, Jr.; Hunton & Williams, on brief), for appellee.
 Irwin Karp, on brief, for amicus curiae Authors League of America, Inc. in support of Appellant.
 PER CURIAM:
 
 
 1
 In September 1984, Cary Cohen filed a complaint in federal district court against his employer Virginia Electric and Power Company (VEPCO), alleging copyright infringement.[1] After Cohen agreed to voluntarily dismiss the copyright claim with prejudice, the court awarded VEPCO attorney's fees and costs pursuant to 17 U.S.C. Sec. 505. The court directed the parties to agree on an amount for the attorney's fees, and this amount was incorporated into a consent judgment. After he had signed the consent judgment Cohen attempted to appeal the merits of an award of attorney's fees to VEPCO as the prevailing defendant. We dismissed on the ground that there can be no appeal from a consent judgment if the defendant has actually consented and has not reserved the right to appeal. Cohen v. Virginia Power and Electric Company, 788 F.2d 247 (4th Cir.1986). Cohen returned to district court where a different judge granted him relief from judgment under Fed.R.Civ.P. 60(b), thus removing the bar to appeal. Cohen returns to us now to appeal the merits of the award of attorney's fees to a prevailing defendant. VEPCO cross-appeals the district court's grant of relief under Rule 60(b). We reverse the grant of the Rule 60(b) motion and dismiss Cohen's appeal.
 
 
 2
 Rule 60(b) permits the court to set aside a final judgment because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or other unusual circumstances. The grant of relief under Rule 60(b) generally is interlocutory and nonappealable. See 7 Moore's Federal Practice p 60.30 at 60-346 (1986); 11 Wright and Miller, Federal Practice and Procedure Sec. 2871 at 259-60 (1973 & Supp.1986). Had the court merely vacated the consent judgment, this case would not be ripe for appeal. In this case, however, the court granting relief under Rule 60(b) did not merely vacate the consent order. It also issued a new final order on the merits, which duplicated all provisions of the consent order except that it expressly reserved to Cohen the right to appeal his liability for attorney's fees. It is this new final order that the parties now appeal.
 
 
 3
 To qualify for relief under Rule 60(b) the movant must make a showing of timeliness, a meritorious case on the merits, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir.1984). Once the movant has made such a showing, he must proceed to satisfy one or more of the grounds for relief set out in Rule 60(b), such as mistake or excusable neglect. Id. at 207.
 
 
 4
 VEPCO asserts that Cohen failed to prove any of the predicate requirements listed in Werner. We note, however, that the court considered each of these factors, and we cannot say that the court abused its discretion in finding that Cohen had proved these threshold requirements.
 
 
 5
 On the substantive issue of mistake or excusable neglect, however, we must reverse the grant of the Rule 60(b) motion. In our previous encounter with this case we addressed this very same issue. A consent judgment may be appealable if there was no actual consent, or if consent was fraudulently induced. We considered and rejected these possibilities under the undisputed facts of the case. Cohen, supra, at 249. We further considered whether there was mistake or neglect, and concluded that there was not. As we observed in Cohen at 249, "the consent order was endorsed by counsel from both sides, with the notation 'we ask for this.' " In entertaining the motion under Rule 60(b), therefore, the court was presented with questions we had already decided, and it was error to decide those questions contrary to our previous ruling.
 
 
 6
 Our decision to reverse the grant of relief under Rule 60(b) makes it unnecessary for us to consider the propriety of awarding attorney's fees to VEPCO under 17 U.S.C. Sec. 505, and we express no opinion on that issue. For the reasons stated above, the grant of relief under Rule 60(b) is reversed and the appeal on the merits is dismissed.
 
 
 7
 REVERSED IN PART; DISMISSED IN PART.
 
 
 8
 JAMES DICKSON PHILLIPS, Circuit Judge, dissenting:
 
 
 9
 I think there was no abuse of discretion in the district court's granting of the Rule 60(b) motion, and I also believe that the district court erred in refusing to consider whether Cohen's suit was frivolous, unreasonably based, or arguably without merit before awarding attorneys fees to VEPCO. I therefore dissent.
 
 
 10
 * The majority relies heavily upon the opinion rendered after our earlier encounter with this case, Cohen v. Virginia Electric and Power Co., 788 F.2d 247 (4th Cir.1986), for their conclusion that the district court erred in granting relief under Rule 60(b) upon a finding of mistake or excusable neglect. I do not read that opinion as foreclosing the district court's inquiry into these two bases for a successful Rule 60(b) motion. Rather, I read that opinion as addressing only the issue whether there had been actual consent by both parties to the consent order; only if Cohen had demonstrated that he had not actually consented or that his consent was fraudulently induced could he have appealed from the consent judgment. That "[t]he consent order and judgment was endorsed by counsel from both sides, with the notation 'we ask for this,' " Cohen, 788 F.2d at 249, reaches only the issue whether there was actual consent and not the quite distinct issue whether, in actually consenting, Cohen's attorney made a mistake or acted with excusable neglect.
 
 
 11
 The district court found mistake or excusable neglect because it believed that Cohen's counsel justifiably could have believed that the consent order to which he agreed only embodied the parties' agreement on the amount of fees and did not reflect any concession that the decision to award fees was proper. Cohen's counsel could have been misled by the original district court's direction to the parties to agree upon the amount of fees. Because Cohen's counsel negotiated the consent agreement at the direction of the district court, the conclusion that he simply misconstrued the scope of the resulting consent order is not arbitrary.
 
 II
 
 12
 With the former judgment thus opened, I would of course consider on the merits Cohen's appeal of the new judgment awarding attorney fees to VEPCO. The majority avoids this by dismissal of the appeal.
 
 
 13
 Applying what it perceived to be the "plain language" of the provision for attorneys fees in 17 U.S.C. Sec. 505, and noting that no legislative history calls that language into question, the district court rejected the conclusions of the Second and Ninth Circuits, Diamond v. Am-Law Publishing Corp., 745 F.2d 142, 148 (2d Cir.1984); see Jartech, Inc. v. Clancy, 666 F.2d 403, 407 (9th Cir.1982), that the standards for awarding fees under the statute depends upon whether the fee claimant is a plaintiff or a defendant. Cohen v. Virginia Electric and Power Co., 617 F.Supp. 619, 621-22 (E.D.Va.1985), aff'd, 788 F.2d 247 (4th Cir.1986). I disagree with this conclusion and believe that Diamond and Jartech give the proper rule.
 
 
 14
 The reasoning for the district court's conclusion was that the Second Circuit's Diamond decision was built upon a faulty reading of precedent. Earlier cases merely had recognized that in exercising its discretion whether to award Sec. 505 fees to a defendant, a district court may consider as relevant factors whether a plaintiff's suit was brought frivolously, in bad faith, or without arguable merit. They did not assert explicitly that a double standard applies. See, e.g., Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 492-93 (2d Cir.1955); Overman v. Loesser, 205 F.2d 521, 524 (9th Cir.1953); Official Aviation Guide Co. v. American Aviation Associates, 162 F.2d 541, 543 (7th Cir.1947). From those cases, district courts in the Second Circuit had extracted the standard that fees are awardable to defendants only when a plaintiff's claims are baseless, frivolous, without arguable merit, or brought in bad faith. See, e.g., Breffort v. I Had A Ball Co., 271 F.Supp. 623, 627 (S.D.N.Y.1967); Grosset & Dunlap, Inc. v. Gulf & Western Corp., 534 F.Supp. 606, 610 (S.D.N.Y.1982), and the Diamond court relied heavily upon these district court cases in holding that defendants may recover fees when a "plaintiff's claims are objectively without arguable merit," Diamond, 745 F.2d at 148.
 
 
 15
 Although the district court correctly describes the cases upon which Diamond had relied, those cases, as well as Jartech, 666 F.2d 403, establish that the reasonableness or arguable merit of a plaintiff's suit or the plaintiff's bad faith are widely-accepted, distinct criteria for a proper exercise of discretion. This widely adopted judicial gloss upon Sec. 505 must have been apparent to Congress when it reenacted the Copyright Act of 1976 and included Sec. 505 using essentially the same words as those used in the fee provision in the old Act. When Congress reenacts a statute in the face of judicial interpretation of the prior version, the judicial gloss becomes incorporated within the new statute. See Burnet v. Harmel, 287 U.S. 103, 108 (1932); Fusco v. Perini North River Associates, 601 F.2d 659, 664 (2d Cir.1979). Thus, Congress must have intended for courts to consider the factors recognized in Diamond, Jartech, and similar cases.
 
 
 16
 Another consideration arguing for use of the standards recognized in the Diamond line of cases is that they comport with the purposes of Sec. 505. Fee awards to defendants are meant to deter meritless litigation. E.g., Jartech, 666 F.2d at 407; Breffort, 271 F.Supp. at 627. Award of fees to a plaintiff, on the other hand, deters infringement and encourages assertion of colorable copyright claims. E.g., Diamond, 745 F.2d at 148; Grosset & Dunlap, 534 F.Supp. at 609 (citing Breffort, 271 F.Supp. at 627. The difference in purpose of the fee award depending upon which party makes the claim supports the use of different standards in making the awards, as well as use of the specific standards recognized by Diamond and related cases.
 
 
 17
 The district court's opinion reflects a perception that fees are automatically awarded when a plaintiff mounts a "losing cause." See Cohen, 617 F.Supp. at 623. Had the district court applied the Diamond standards, it probably would not have awarded fees because it explicitly found that Cohen did not act in bad faith and that he "had a basis for believing that discovery might disclose liability." Id. The only negative comment the district court made regarding Cohen's efforts was that VEPCO had pursued discovery more zealously than had Cohen, and that the suit had caused VEPCO considerable expense. Thus, the district court, after impliedly finding an absence of the kind of bad faith and unreasonableness required by the Diamond line of authority, awarded fees to VEPCO anyway. I disagree with that disposition of the fee claim and would remand for its reconsideration under the Diamond standards.