**Dura M. HALL, Plaintiff,**

v.

**Reid HELMS, et al., Defendants.**

**No. C–C–87–365–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 9, 1987.

Shelly Blum, Charlotte, N.C., for plaintiff.

David M. Parker, Associate Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for defendants.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant Gay's Motion to dismiss the Complaint against him and to impose sanctions under Fed.R.Civ.P. 11. Also presented is Plaintiff's Motion to compel production of documents from Defendants Helms, Rolland, and Gay.

Plaintiff sued Defendants under 42 U.S. C. § 1983 for violating her civil rights in connection with a "pat down" and a "strip search" of her person. Plaintiff is a black female; Defendants Helms and Rolland are white male police officers; Defendant Gay is a white male probation officer. Plaintiff claimed that she was a house guest in the home of one Betty Osborne, who apparently was under a sentence of probation supervised by Defendant Gay. Plaintiff alleged that Defendants arrived at Ms. Osborne's house one morning, Defendant Gay announcing that they were going to search the house as a condition of Osborne's probation. Plaintiff claimed that Defendant Helms, in view of Defendants Rolland and Gay, proceeded to perform a "pat-down" search of Plaintiff's body, including pressing her shirt pockets over her breasts. Plaintiff alleged that Defendant Helms then required Plaintiff to remove her clothing and allow a visual search of her body. Plaintiff contended that these acts violated her right of privacy and her right to be secure in her person.

With respect to Defendant Gay, Plaintiff claimed that he "witnessed, observed and participated in plaintiff's forced undressing and also failed to stop defendant Helms' actions, despite ... having a duty to do so, and aided and abetted defendant Helms in his conduct." Plaintiff demanded of Defendant Gay $100,000 compensatory and $100,000 punitive damages. The Complaint was verified by Plaintiff.

## DEFENDANT GAY'S MOTION TO DISMISS AND FOR RULE 11 SANCTIONS

Defendant Gay's Motion is based upon two letters signed by counsel for Plaintiff, indicating that Plaintiff's counsel did not believe Gay was the main culprit in the acts complained of. In pertinent part, the letters read:

Please be aware that my main target in this case is Reid Helms and therefor [sic] the City of Monroe. I would be glad to work out an arrangement with you, through your attorney, regarding your testimony in this case.

August 10, 1987 letter from Attorney Blum to Defendant Gay.

He [Defendant Gay] is in Henderson and you [Defendant Gay's attorney] in Raleigh, but perhaps we can find a reasonable time to take his deposition here in Charlotte, as soon as possible. I am not really interested in him [Defendant Gay] as a defendant, since I think his participation was minimal, and I understand he offered to help Ms. Hall.

August 18, 1987 letter from Attorney Blum to Attorney Howard.

Plaintiff's counsel explains the letters as "an attempt to settle a portion of the case in order to solidify the balance of the case, in that Mr. Gay had offered to help Plaintiff and his testimony would be valuable, if he did not join in the story that the Monroe Defendants have told. Counsel's statements in the letters were accurate, as they related counsel's intentions in prosecuting this case." Plaintiff's Reply to Motion (September 3, 1987).

Fed.R.Civ.P. 11 renders an attorney's signature on a pleading, motion, or other paper, a certification by such attorney that the attorney "has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose,...." Violation of the rule subjects the attorney and the client to the possibility of sanctions.

Defendant's Motion is directed toward Plaintiff's attorney's certification that the Complaint against Gay was not interposed for an improper purpose. Defendant contends that the quoted letters demonstrate that Plaintiff named Gay as a Defendant solely in order to coerce Gay's favorable testimony in the case. Plaintiff's counsel responds that he wanted only the truth from Gay.

■ The imposition of Rule 11 sanctions lies within the trial court's discretion. *Cohen v. Virginia Elec. & Power Co.*, 788

F.2d 247, 248 (4th Cir.1986). In the Fourth Circuit, even though a pleading may be well grounded in fact and in law, if it is interposed for an improper purpose, the attorney and client are subject to sanctions. *Id.* at 249 (upholding imposition of sanctions despite fact that motion in question was supported by law, where attorney and client agreed in advance to withdraw motion if other party opposed it).

■ The Court is troubled by the very real possibility that Plaintiff's attorney's letters, though not *intended* to threaten Defendant, could easily be so interpreted by the recipient. The letter to Defendant Gay accompanied the Complaint as part of the service thereof under Rule 4(c)(2)(C)(ii). The implication that Plaintiff would drop Gay as a defendant were his testimony favorable is not a far-fetched conclusion from a reading of the letter in conjunction with the Complaint. While Rule 4(c)(2)(C)(ii) obviously allows a plaintiff's attorney to contact a prospective defendant for the limited purpose of service, in the good faith exercise of his or her dual duties as advocate and as an officer of the court an attorney should refrain from using such opportunity in a way which could create the appearance of coercion or impropriety.

■ Notwithstanding the above, the Court is of the opinion that dismissal of the Complaint or the award of monetary damages is unnecessary here. While Plaintiff's counsel's actions may show a lack of good judgment on his part, to avoid a proliferation of Rule 11 motions the sanctions authorized therein should be used sparingly. Suffice it to admonish Plaintiff's counsel to be aware of the ease with which a statement made with the best of intentions may be interpreted to convey the worst.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff requested that Defendants produce the personnel records of Defendants Helms, Rolland and Gay. Defendants objected that the records are privileged under N.C.Gen.Stat. § 160A–168 and are irrelevant, that disclosure of the records would be against public policy, and that the request was not calculated to lead to admissible evidence. Defendants Rolland (whose name apparently is actually "Rollins") and Helms did provide certain information from these files, including the statement that "there have been no complaints lodged against Defendants Reid Helms and Tommy Rollins."

Plaintiff moved to compel production of the files, claiming that the "privilege" of N.C.Gen.Stat. § 160A–168 nonetheless gave Defendants access to their own files, with the result that Defendants must produce them to Plaintiff.

■ None of Defendants have responded to the Motion to compel, despite nearly three months' having elapsed since it was filed. On its face, the request for personnel files sought relevant information. Defendants have not enlightened the Court concerning their reasons for claiming irrelevancy. The burden of showing that the requested files are irrelevant was on Defendants. *Spell v. McDaniel*, 591 F.Supp. 1090, 1114 (E.D.N.C.1984).

The *Spell* case is nearly directly on point here with respect to the other objections to producing the personnel files. The court there found no bar to discovery of the files in N.C.Gen.Stat. § 160A–168, for two reasons. First, *federal*, not state, privilege law applies to federal question suits; and second, N.C.Gen.Stat. § 160A–168(c)(4) specifically authorizes disclosure by order of a court of competent jurisdiction. 591 F.Supp. at 1119. The *Spell* court also rejected the defendant's claim of executive privilege: that the files should not be produced because production would be against public policy. 591 F.Supp. at 1116–17.

■ This Court finds the *Spell* decision persuasive, especially in view of Defendants' complete failure to respond to Plaintiff's Motion to compel. Defendants have carried neither their burden of showing irrelevance nor their burden of demonstrating entitlement to executive privilege. Clearly, the personnel files could contain relevant and nonprivileged information. It was up to Defendants to identify the irrelevant and privileged material and to explain to the Court how and why the material was

irrelevant or privileged. Without such guidance from the only parties currently having access to the requested files, the Court cannot justify refusing Plaintiff's discovery request.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Gay's Motion to dismiss and for Rule 11 sanctions is DENIED;

(2) Plaintiff's Motion to compel production is GRANTED; and

(3) Defendants are ordered to produce the personnel files for Defendants Helms, Rolland (Rollins), and Gay within thirty (30) days of the entry of this Order.