**Jay Robert NASH, Plaintiff,**

v.

**CBS, INC., et al., Defendants.**

**No. 86 C 511.**

United States District Court, N.D. Illinois, E.D.

Oct. 11, 1990.

---

Martin S. Agran, Agran & Agran, Ltd., Chicago, Ill., Harvey C. Gordon, Glenview, Ill., E. Leonard Rubin, William Brinks Olds Hofer Gilson & Lione Ltd., Chicago, Ill., for plaintiff.

William G. Schopf, Jr., Paula Litt, Schoff & Weiss, Chicago, Ill., for defendants.

## ORDER

GRADY, District Judge.

This court entered summary judgment in favor of defendants, and the Court of Appeals affirmed. *Nash v. CBS, Inc.,* 899 F.2d 1537 (7th Cir.1990). Pending before the court is defendants' motion for costs in the amount of $11,813.55. The motion will be allowed.

All of the costs, with the possible exception of $209.67 in miscellaneous charges (Tab 7 to motion), are of the kind usually allowed to prevailing parties as a matter of course pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Plaintiff does not object to any of the items as being unnecessary or excessive. Instead, the objection is that the taxation of costs in this case is not authorized by 17 U.S.C. § 505, the statute that explicitly covers fees and costs in copyright cases. It provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The current version of the statute appears to make an award of either costs or attorney's fees discretionary with the court. An earlier version provided that "... full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs." This was interpreted to make mandatory an award of costs to the prevailing party, while leaving an award of fees in the discretion of the court. *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 914 (D.Conn.1980). *See also Official Aviation Guide Co. v. American Av. Assoc.,* 162 F.2d 541, 544 (7th Cir.1947).

In light of the fact that prevailing parties in other kinds of civil cases are ordinarily entitled to costs, *Popeil Brothers, Inc. v. Schick Electric, Inc.,* 516 F.2d 772 (7th Cir.1975) (patent case), it is difficult to understand why the matter should be discretionary in copyright cases. However, defendants do not argue that they are entitled to costs pursuant to Rule 54(b) or 28 U.S.C. § 1920. Rather, they argue that the court should exercise its discretion in favor of awarding costs pursuant to 17 U.S.C. § 505 because the question of infringement in this case was not close. Defendants rely on Judge Marshall's decision in *Williams Electronics, Inc. v. Bally Manufacturing Corp.,* Copy.L.Rep. (CCH) ¶ 25,582 (N.D.Ill. 1983), and *Eisenschiml v. Fawcett Publications, Inc.,* 246 F.2d 598 (7th Cir.), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957).

Both *Williams* and *Eisenschiml* involved the question of whether attorney's fees should be awarded to the prevailing party. In *Eisenschiml,* the court held an award of fees to have been an abuse of discretion:

We have pointed out that a very close question was involved, and we hold that plaintiff should not be assessed attorney fees for trying to protect the copyright on his books. The provision in the judgment requiring plaintiff to pay attorney fees must be eliminated.

246 F.2d at 604. In *Williams*, Judge Marshall pointed out that the statute seems to give the court absolute discretion to award reasonable attorney fees to the prevailing party, Copy.L.Rep. ¶ 25,582 at 18,436, but that in any event "where plaintiff is unable to raise even a close question of fact or law, a prevailing defendant may recover its attorney's fees under § 505," citing *Eisenschiml. Id.* at 18,437. Judge Marshall awarded fees because plaintiff had failed to make a close case on the question of infringement.

Plaintiff argues that he did make a close case, pointing out that he prevailed on the issue of the copyrightability of his material. The court agrees with defendants that the issue of copyrightability, although complex, was a preliminary issue in this case. The main issue was whether there was infringement—whether the works of the plaintiff and the defendants were substantially similar. This was not a close question.

CONCLUSION

The court has some doubt that the prevailing party in a copyright case can collect its costs only as a matter of the court's discretion and not as of right. The cases relied on by plaintiff were all concerned with an award of attorney's fees under § 505, not an award of ordinary costs. Assuming, however, that the matter is discretionary and that it depends upon whether plaintiff presented a close question of law or fact, this court finds that plaintiff failed to present anything approaching a close question on the issue of infringement, which was the principal issue in the case. The court believes that this view is supported by the opinion of the Court of Appeals affirming the summary judgment in favor of defendants. Accordingly, defendants will be awarded their costs in the amount of $11,813.55.