922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kelvin DUAL, Plaintiff-Appellant,
v.
DUAL & ASSOCIATES, INCORPORATED, Defendant-Appellee,
and
J. Fred Dual, Counter-Claimant,
Jo-Ann Wells, Evelyn Dual, Counter-Claim Defendants.
Kelvin DUAL, Plaintiff-Appellee,
v.
DUAL & ASSOCIATES, INCORPORATED, Defendant-Appellant,
J. Fred Dual, Counter-Claimant-Appellant,
Jo-Ann Wells, Evelyn Dual, Counter-Claim Defendants-Appellees.
 Nos. 89-2218, 89-2226.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Jan. 2, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-186-A)
 Victor Michael Glasberg, Victor M. Glasberg & Associates, Alexandria, Va., for appellant.
 Raymond Donald Battochi, McLean, Va., for appellee.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Kelvin Dual ("Dual") appeals from an order entered by the district court on November 20, 1989. Because both parties freely and voluntarily entered into a settlement in open court, an appeal from it cannot lie. Accordingly, the appeals are dismissed.
 
 
 2
 Dual brought an action for stock owed him by the appellee corporation, Dual & Associates ("the Corporation"). The Corporation brought a counterclaim. The trials were severed, and, after much posturing by both sides, the court posited the following resolution of the case on the day of trial:
 
 
 3
 The Court would enter a judgment of $10,823 for Dual, an amount suggested by the Corporation as the value of 15% of the Corporation's stock as of November, 1986;
 
 
 4
 The Court would enter a judgment of $17,500 for the Corporation on its counterclaims against Dual;
 
 
 5
 The Court would permit the Corporation to withdraw, with prejudice, its remaining counterclaims pursuant to Rule 41, provided that the Corporation paid Dual $16,207 in attorney's fees and $2,150 in costs, half of what Dual claimed for these fees and costs;
 
 
 6
 The Court would deny Rule 11 sanctions as moved for by Dual.
 
 
 7
 (Amended Final Order, November 20, 1989.)
 
 
 8
 After the court outlined this proposed disposition of the case, the Corporation's counsel, Mr. Battocchi, objected that a disposition in the form of a judgment imposed by the court would involve appeals, whereas a settlement would foreclose any appeals. The Corporation expressed its willingness to have the matter settled, and the court then urged the parties to reconsider a settlement over a recess.
 
 
 9
 After the recess, the following dialogue occurred:
 
 
 10
 MR. BATTOCCHI: Your Honor, before the recess, the Court outlined the proposed final judgment under which the bottom line would be that the corporation would wind up paying Kelvin [Dual] $11,000 and some change after the setoff as a total amount owing under the judgment. I understand that this will completely and finally dispose of all claims; that there are going to be no further claims for costs or attorney's fees or anything else. With that understanding, I think I am happy to report to the Court that the parties are in agreement that the Court should enter that judgment.
 
 
 11
 THE COURT: Mr. Glasberg, does that echo your sentiments as well?
 
 
 12
 MR. GLASBERG: Yes, Judge, judgment for both parties as the Court indicated may be entered.
 
 
 13
 (J.A. 403, emphasis added.) The court then entered judgment, considering this to be a final resolution of the case. Both parties unequivocally assented to the terms of the judgment in open court, and everyone apparently thought that the settlement would end the case once and for all.
 
 
 14
 Much to the district court's surprise, on November 22, 1989, Dual filed this appeal, limited solely to the valuation date of the stock. The Corporation cross-appealed.
 
 
 15
 The parties in this case have been, and apparently still are, extremely litigious. In recognition of this obvious animosity, the district court attempted in every way possible to obtain a final resolution and settlement of the matter. Each side has gone to extremes to characterize the other as being unreasonable.
 
 
 16
 There is a strong public interest in achieving finality in litigation. In light of this interest, it is clear that if both parties knowingly entered into a consent agreement on November 13, 1989, then neither party may appeal to this Court. Cohen v. Virginia Electric & Power Co., 788 F.2d 247, 249 (4th Cir.1986). A review of the record reveals that both parties consented to the judgment entered. "It is, therefore, axiomatic that [the parties] cannot appeal from an order entered with their consent unless they establish facts to nullify their consent." Thonen v. Jenkins, 455 F.2d 977 (4th Cir.1972). In this case, no right of appeal was expressly reserved, nor are there facts present to nullify the parties' consent.
 
 
 17
 It seems clear that the district court's perception that the parties agreed to finalize the matter is correct. Therefore, both parties having consented to a final judgment, their appeals are dismissed.
 
 
 18
 DISMISSED.