CHRISTIAN KNIGHTS OF the KU KLUX KLAN INVISIBLE EMPIRE, INC., and George Thompson, Plaintiffs,

v.

The TOWN OF POCAHONTAS, VIRGINIA, its Governing Council, and its Chief of Police, Defendants.

Civ. A. No. 86–0058–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

July 27, 1988.

George Thompson, Boissevain, Va., pro se.

Harriet Dorsey, Blacksburg, Va., George Daly, Louis L. Lesesne, Jr., Charlotte, N.C., for KKK.

Frederick W. Harman, Tazewell, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court for an award of attorney's fees, pursuant to a directive of the United States Court of Appeals for the Fourth Circuit decided on January 11, 1988 in an unpublished opinion, 836 F.2d 1342 (4th Cir.). The court will divide this opinion in accordance with the directives of the Fourth Circuit, and issues that have emerged subsequently.

## AWARD OF ATTORNEY'S FEES PRIOR TO APRIL 14, 1986

■ In its written opinion of January 11, 1988, the United States Court of Appeals for the Fourth Circuit stated as follows: "The Klan is entitled to recover attorney's fees for the service its counsel rendered prior to April 14." In their petition for counsel fees, filed on February 1, 1988, plaintiffs allege seven hours of work prior to April 14, 1986. In oral argument before this court, it was stated by George Daly that he was the only attorney for the Christian Knights of the Ku Klux Klan Invisible Empire, Inc. before April 14, 1986 which is the date upon which the Town Council of the Town of Pocahontas, Virginia agreed for them to have a permit to conduct a street walk. Included in the seven hours is three-tenths of an hour of talking to a newspaper which counsel has previously agreed to delete; therefore, the maximum amount stated to this court in oral argument and presented in the petition is 6.7 hours. The court notes that four hours of this was spent preparing the suit which was filed in this case. The court finds great difficulty in believing that counsel for plaintiffs spent four hours preparing this suit in this case. In a letter dated April 12, 1986 which Mr. Daly wrote to Mr. Arey, counsel for defendants, he stated that he had personally done a half a dozen of these similar cases recently and always succeeded. In this letter, he asked for $2,500 for reimbursement for out-of-pocket expenses. If it took four hours for counsel to prepare this complaint and he had recently filed six very similar to it, then it borders on incompetency. Nevertheless, the court will allow George Daly 6.7 hours for his legal services prior to April 14, 1986.

## ATTORNEY'S FEES FOR THE ISSUE OF CONSTITUTIONALITY OF THE THREE–WEEK WAITING PERIOD FOR A STREET WALK

In his fee petition, George Daly, Esquire, claims that one hundred (100) percent of the time which he spent through the first opinion of the Court of Appeals was com-

pensable time as the plaintiffs prevailed on every issue during that time. He further states that, as to the time after the first appeal and while the case was on remand, he is claiming one-third compensable and two-thirds non-compensable and on the second appeal, he is claiming that it should be half compensable and half non-compensable. Mr. Lesesne has prepared his fee petition somewhat differently. He has set forth in Exhibit A a list of services which he contends are one hundred (100) percent compensable which is all the time which he spent on the case until services began in preparation of the second appeal. He further states that Exhibit B reflects the services during July and August 1987 involving the plaintiffs' appellate brief and that he estimated that one-half of this time was spent upon compensable items and one-half on non-compensable items.

█ When one takes the time to examine the two statements, they are obviously in conflict; however, it is also obvious that Mr. Daly and Mr. Lesesne are contending that they prevailed on the issue of the constitutionality of the waiting period for commencing the parade. An examination of the second Fourth Circuit opinion does not in any place state that the court is to award attorney's fees on the constitutional issue. All the court has said is that the district court did not have to go into the constitutional issue because the plaintiffs had lost on the mootness issue. In other words, what the plaintiffs are arguing in this case is that they should be compensated for the time they spent on the constitutional issue which resulted in a non-decision. For them to contend that they prevailed on this issue is ridiculous and in doing so, they have muddied the water so that it is difficult for this court to determine and they do not do so themselves, the amount of time spent on the attorney fee issue. They have either refused, or do not want to, or cannot distinguish between the time spent on the matters which the Fourth Circuit has said are compensable. The court is of the opinion that it is necessary at this time to outline how the constitutional issue came into this case in the first place. There is no mention of such a com-

plaint in the original complaint. The first time that this issue is raised is in the first appeal before the Fourth Circuit and it was raised as a means of getting around the mootness issue. The Fourth Circuit did not rule in favor of the plaintiffs on the mootness issue on the first appeal nor did it rule in their favor upon any constitutional issue. The case was remanded to this court and while this court held the same position in the second opinion as it did in the first, to-wit, that the issue involved in the suit was moot, nevertheless, this court proceeded to pass upon the constitutional issue because the case had been remanded and this court felt that it should proceed to pass on all issues. In the event that the Fourth Circuit disagreed with this court, then it could go ahead and rule upon the constitutional issue. Thus, it was the plaintiffs that raised the constitutional issue and not the defendant and not this court. The plaintiffs have not prevailed on this issue and they are not entitled to attorney's fees and nowhere in the Fourth Circuit opinion does it state that they are entitled to attorney's fees. Therefore, the court rules that neither Mr. Lesesne nor Mr. Daly is entitled to any attorney's fees for their briefs in support of the constitutional issue.

### ATTORNEY'S FEES FOR TIME SPENT ON LITIGATING THE ISSUE OF ATTORNEY'S FEES

█ The Fourth Circuit has clearly said to this court that it shall allow attorney's fees for the time spent in litigating whether or not the plaintiffs were entitled to attorney's fees for the period of time before this suit was settled. Defense counsel have failed and refused to attempt to break this down for the court, but instead has insisted upon the periods of services and the percentages as set out above. In other words, what the court has to do is to allow for the time spent in the Court of Appeals for briefing and arguing the issues of attorney's fees. At no time have the attorneys in this case ever appeared before this court and argued for attorney's fees, or submitted attorney's fees to the court except since the final remand of this case

from the Fourth Circuit. Accordingly, this court has no other place to look other than the records which have been presented to show what was actually done before the Fourth Circuit. This court has ordered the plaintiffs to file with the court the briefs in this case so that it can ascertain the amount of time which has been spent on attorney's fees as distinguished from the other issues in the case. The plaintiffs' brief in the first appeal consists of thirteen (13) pages, of which less than one page is devoted to the attorney fee issue, and the defendants' brief is four (4) pages long with less than one-half page being devoted to attorney's fees. The first Order entered by the district court did not rule one way or the other on attorney's fees; therefore, there was no appeal from a denial of attorney fees. By this standard, the most that the plaintiffs should be able to charge would be one-twelfth of their time since only one-twelfth of their brief is devoted to the attorney's fee issue. This is the only guideline that this court has as the plaintiffs have steadfastly refused to break down exactly what time, and indeed, the court doubts if they can break down the time, they have spent on the attorney's fees issue. It was a non issue on the first appeal. The Fourth Circuit does not mention attorney's fees.

Having nothing else to base it on, as plaintiffs' counsel has not furnished any separate claim of time on the attorney's fees issue, the court considers one-twelfth (1/12) of the total time as being more than generous for this issue.

On the second appeal as to the time claimed by Daly and Lesesne on attorney's fees, the court finds that the appendix on the first and second appeal contains no documents on attorney's fees, except this court's memorandum opinion, ten pages long with one page devoted to attorney's fees. Plaintiffs' brief on the second appeal is nineteen (19) pages long, of which 1¼ page is devoted to attorney's fees with only one citation to a case. Defendants' brief is six (6) pages long with one page devoted to attorney's fees. Thus, the court is of the opinion that one-twelfth (1/12) of the total

time consumed is a fair and proper allowance for the second appeal.

In addition, the court allows all the time claimed by Mr. Daly from January 20–28, 1988 consisting of 3.4 hours as this is all devoted to attorney's fees. The court allows all the time claimed by Mr. Lesesne from January 15, 1988 through January 25, 1988 as devoted entirely to attorney's fees, consisting of 2.25 hours.

To summarize, Mr. Daly is claiming a total of 53.7 hours spent on this entire case. The court allows 6.7 hours out of 7 claimed for service rendered prior to April 14, 1986, plus 3.4 hours from January 20–28, 1988, plus 3.6 hours (1/12 of 43.3 hours) making a total compensable hours for attorney's fees litigation of 7, a grand total of 13.7 hours.

Mr. Lesesne claims 59.75 hours total work. He is allowed 2.25 hours time from January 15–25, 1988, plus 4.9 hours (1/12 of 57.50), a total of 7.15 hours.

■ Harriet D. Dorsey also represented the plaintiffs. In Mr. Daly's fee petition, he stated as follows: "Local counsel Harriet Dorsey did not maintain time records on this case, acted only as local counsel, and requests a nominal fee of $100 for her time and expense." Despite this averment, after this court entered the Order dated June 8, 1988, setting a hearing in this case, which was held July 5, 1988, Ms. Dorsey filed a fee petition on that date alleging ten (10) hours of work on this case and $100 expense. There is no breakdown as to whether she worked on the constitutional issue, the mootness issue, or attorney's fees, and no explanation as to why her fee increased from $100 to $1,100 between June 8, 1988 and July 5, 1988. Since Ms. Dorsey is obviously claiming a fee for everything, and she is only entitled to a fee for work on attorney's fees, the court is of the opinion that $100 is adequate.

## HOURLY RATE

■ Daly and Lesesne admit that this was not an undesirable case, no novel questions were involved, no other employment was precluded and no unusual time limitations were involved, yet they ask for a

lodestar amount of $150 and $110 per hour respectively, plus an enhancement due to this being a contingency fee case. Counsel seem to forget that the only fee they are entitled to in this case is for time spent obtaining attorney's fees. Actually, the type of work involved in this case has required no particular skill. There is nothing unique about this case. As Mr. Daly "brags" in his letter of negotiation before this case began on April 12, 1986:

> If we do not settle, I intend to request permission to appear for the Klan ... then claim lawyer's fees under Section 1988. I have recently been awarded fees at $140.00 per hour in a similar suit so my fees will quickly exceed $2,500 ... I see nothing improper in informing you that your bill of costs will be very high at the end of the trial ... municipalities face a real threat of lawyer's fees ... I have personally done half a dozen similar cases for them, and always succeeded. So, under the circumstances $2,500 plus a parade permit seems very reasonable.

Two days after this letter, this case was settled and mooted, yet because defendants would not pay $2,500, the Klan, by counsel, has caused the defendants to endure two years of litigation in which the Klan lost on all substantive issues and yet, want payment for counsel fees for everything.

Thus, the court declines to award any enhancement in this case. As to a reasonable fee, the court is of the opinion that Daly and Lesesne are no more experienced than Ms. Dorsey and perhaps less competent. Therefore, $100 is a reasonable hourly fee for all three attorneys considering the issue in this case is attorney's fees only.

### COUNSELS' CLAIMS FOR ATTORNEY'S FEES FOR JULY 5, 1988; SANCTIONS AND OTHER ISSUES ARISING OUT OF JUNE 5, 1988 ORDER

■ Daly, Lesesne and Dorsey have each filed a supplemental claim for attorney's fees for preparing for and attending court on July 5, 1988 at Abingdon. This hearing was not the result of any motion by defendants, but totally pursuant to an order of the court. For several reasons, the court denies the claim of all three attorneys in this regard. First, they did not prevail on the issues of that day. Secondly, the hearing was caused by the failure, mistakes and improper conduct by these same attorneys. They caused this hearing to have to be held. They had failed to provide documentation to the court to support their fee petitions. Ms. Dorsey had not even filed a petition. They had persisted in charging for their services which were clearly not allowed by the Fourth Circuit. And even after this was pointed out to them, they persisted with their claims and failed and refused to furnish a breakdown to conform to the opinion of this court and the Fourth Circuit. Thus, having caused the necessity for the hearing, they now want to be paid for it. This conduct is in the same mean spirit which Mr. Daly exhibited at the outset of this controversy in his letter of April 12, 1986 wherein he says, in essence, if you don't pay me $2,500 now, I will make the town pay and pay and pay and pay. This vendetta has been successfully carried out.

■ One of the purposes of the July 5, 1988 hearing was to determine whether sanctions should be imposed against the attorneys or parties on either side. Rule 11 of the Federal Rules of Civil Procedure provides in part that an attorney signing a pleading certifies that "it is well grounded in fact and is warranted by existing law ... that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." This rule further provides that the court *shall* impose sanctions on its own initiative if attorneys violate this rule. In this case, the plaintiffs' attorneys have each asked for attorney's fees for litigating the constitutional issue. This is justified neither in fact nor in the Fourth Circuit decision. This has purposely prevented settlement of attorney's fees in this case and has caused this court undue hardship in determining what is a proper fee in this case. The nature of plaintiffs' petitions for fees has increased the cost of litigation (and was intended to do

this); caused this court to spend four days writing this opinion (undue delay); decreased the efficiency of administration of justice and harassed the court and the defendants. In fact, the issue of attorney's fees could have been settled in the beginning if plaintiffs' counsel had not demanded $2,500 before coming to court; it could have been settled in the beginning by the court if plaintiffs had immediately come forward with a petition for pre-trial attorney's fees setting forth the amount alleged and what had been done.

This court assesses $1,500 in sanctions in this case against all three plaintiffs attorneys, jointly and severally, to be paid to the Clerk of this court, to be deposited to the Treasurer of the United States.

In *Hensley v. Eckerhart,* 461 U.S. 424, 438, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983), the Supreme Court commended the district court for considering the relative importance of the various issues in the case, the interrelation of the issues, the difficulty of identifying issues and the extent of prevailing on the issues. This court has attempted to follow this reasoning in this case despite the roadblocks interposed by the plaintiffs' attorneys. Finally, this court notes the words of Justice Powell in *Hensley:* "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee.... [T]he fee applicant bears the burden of establishing entitlement to an award.... and should maintain billing time records in a manner that will enable a reviewing court to *identify distinct claims.*" 461 U.S. at 437, 103 S.Ct. at 1941 (emphasis added) (footnote omitted). Plaintiffs' attorneys have made no effort to conform to this language of the Supreme Court. In Ms. Dorsey's petition, she has petitioned for *all* her time spent in this case. In Mr. Daly's petition, he says "I estimate that my time was allocated in that fashion" and "my recollection is that I spent about half my time on issues on which plaintiffs prevailed." Mr. Lesesne says, "I am unable to state precisely how much time is applicable to the mootness claim as opposed to the waiting period claim, because I did not break these mat-

ters down separately. I estimate that the time was equally split, and I seek compensation for one half of the hours reflected in Exhibit B." None of these attorneys to this day has even attempted to estimate the *"distinct claim"* of attorney's fees. All they have wanted to do is litigate and run up more time.

Accordingly, an Order will be entered awarding Ms. Dorsey $100; Mr. Daly $1,370; and Mr. Lesesne $715. The court also awards the costs of Mr. Daly set forth in Exhibit C in the amount of $546.56. Sanctions will be entered as set forth above.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion to counsel of record.

## FINAL ORDER

In accordance with a Memorandum Opinion entered this day, judgment is awarded for attorney's fees to Harriet D. Dorsey, Esquire: $100; to George Daly, Esquire: $1,370; to Louis L. Lesesne, Esquire: $715; and for costs to George Daly, Esquire: $546.56.

It is further ORDERED that sanctions pursuant to Rule 11, Fed.R.Civ.P. are imposed against Harriet Dorsey, Esquire, George Daly, Esquire, and Louis L. Lesesne, Jr., Esquire, jointly and severally, in the sum of $1,500, to be paid forthwith to the Clerk of this court for payment to the Treasurer of the United States.

Interest shall run on all this judgment at the rate of 7.54%. This cause is stricken from the docket of this court.