877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHRISTIAN KNIGHTS of the KU KLUX KLAN INVISIBLE EMPIRE,
INC., George Thompson, Plaintiffs-Appellants,
George Daly, Louis L. Lesesne, Harriet Dorsey, Appellants,
v.
The TOWN OF POCAHONTAS, VIRGINIA, its Governing Council, and
its Chief of Police, Defendant-Appellee.
 No. 88-2603.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 14, 1989.
Decided June 2, 1989.
 
 Louis L. Lesesne, Jr., Gillespie, Lesesne & Connette, George Daly for appellants.
 Frederick W. Harman, Arey & Harman, PC, for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The attorneys for the plaintiffs in the district court appeal the imposition of Rule 11 sanctions against them. We vacate the imposition of sanctions but in all other respects do not disturb the district court's order, Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. Town of Pocahontas, 690 F.Supp. 1507 (W.D.Va.1988).
 
 
 2
 The sanctions imposed by the district court were associated with litigation initiated pursuant to 42 U.S.C. Sec. 1983 by the Christian Knights of the Ku Klux Klan Invisible Empire, Inc. ["the Klan"], and George Thompson. The Klan filed suit on March 13, 1986, against the Town of Pocahontas, Virginia, its governing council, and its chief of police [collectively referred to as "the Town"], alleging that the Town violated the Klan's first amendment rights when it refused to issue a permit for a "street walk" in Pocahontas. The Klan sought injunctive relief.
 
 
 3
 After filing the suit, the Klan met with representatives of the Town on April 14, 1986. At the meeting, the Town agreed to issue a permit, and the Klan agreed to give the Town three weeks' notice of its intention to march. However, discord again resulted when the Town refused to pay the Klan's attorney's fees associated with securing the right to march. Based on the Klan's agreement to give the Town three-weeks' notice, the district court dismissed the Sec. 1983 suit as moot.
 
 
 4
 The Klan appealed the district court's order to this Court. We vacated the dismissal because the district court failed to give the Klan the notice required by Fed.R.Civ.P. 12(c) and Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975). See Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. Town of Pocohontas, No. 86-2582 (4th Cir. Mar. 10, 1987) (unpublished).
 
 
 5
 On remand, the district court ruled that the case was moot, that the three-week notice period was constitutional, and that the Klan was not entitled to attorney's fees. The Klan again appealed. We affirmed the decision as to mootness of the dispute over the constitutionality of the notice requirement. See Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. Town of Pocahontas, No. 87-2619 (4th Cir. Jan. 11, 1988). Because the issue was moot, we reasoned, the district court did not have to decide whether the notice requirement was constitutional. Therefore, we vacated the declaration of the constitutionality of the requirement. As for the Klan's entitlement to attorney's fees, we ruled that although the Klan did not have a counsel of record prior to April 14, 1986, when it entered into the agreement with the Town which would allow the street walk, the Klan was nevertheless "represented" by counsel during that period. Because the Klan had "prevailed" by virtue of the agreement which would allow the march, it was entitled to attorney's fees. Noting that the Klan had the right to continue with the Sec. 1983 suit when the Town refused to pay counsel fees, we held that the Klan should be compensated for the additional time spent securing the right to those fees. We explained:
 
 
 6
 [W]e find that the Klan was forced to go to court to vindicate its constitutional right to conduct a street walk. We also find that it substantially prevailed in that suit through a settlement that recognized its right to a parade permit. Therefore, we hold that it is entitled to recover from the town attorney's fees incurred both in securing the right to parade and in securing the attorney's fees to which it is entitled under section 1988, including fees relating to the attorney fee issue in this appeal. The Klan is not entitled, however, to recover attorney's fees for services pertaining to the mootness issue on appeal, for on this issue the Klan did not prevail.
 
 
 7
 Our opinion did not expressly state whether the Klan could seek counsel fees attributable to vacating the district court's finding of constitutionality of the notice requirement.
 
 
 8
 On remand, counsel for the Klan sought fees for work on the notice requirement issue as well as for time spent in securing attorney's fees. The district court, in a published opinion, Christian Knights, 690 F.Supp. at 1507, ruled that the attorneys were not entitled to fees for the notice requirement issue. The court reasoned that the Klan had not prevailed on the issue because it was determined to have been moot. Christian Knights, 690 F.Supp. at 1509. Because the court concluded that seeking fees for the constitutional issue was not justified in fact or under our decision remanding the case, the court imposed sanctions on the Klan's counsel pursuant to Fed.R.Civ.P. 11 in the amount of $1,500, to be paid to the clerk of court for remittance to the Treasurer of the United States. Id. at 1511-12. Counsel for the Klan appeals.[1]
 
 
 9
 The imposition of Rule 11 sanctions is reviewed under an abuse of discretion standard. See Stevens v. Lawyers Mut. Liab. Ins. Co., 789 F.2d 1056, 1060 (4th Cir.1986); Cohen v. Virginia Elec. & Power Co., 788 F.2d 247, 248 (4th Cir.1986). In this case, although we recognize the difficulty confronted by the district court in determining the appropriate fee under 42 U.S.C. Sec. 1988, which difficulty was attributable at least in part to the Klan's counsel, we find that we must vacate the imposition of sanctions. It was not objectively unreasonable for the Klan's counsel to seek fees under Sec. 1988 for time spent seeking reversal of the order finding the notice requirement constitutional.[2] The Klan did "prevail" on the issue in the sense that it obtained a vacation of the district court's finding that the notice requirement was constitutional. Merely because a suit or issue is rendered moot does not mean fees under Sec. 1988 are unattainable for pursuing such suit or issue. See Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1560 (11th Cir.1987); Heath v. Brown, 807 F.2d 1229, 1233 (5th Cir.1987); Exeter-West Greenwich Regional School Dist. v. Pontarelli, 788 F.2d 47, 52-53 (1st Cir.1986); See also Comment, Civil Rights Attorney's Fees Awards in Moot Cases, 49 U.Chi.L.Rev. 819 (1982).
 
 
 10
 We vacate that portion of the district court's order which imposed Rule 11 sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the brief and record, and argument would not aid the decisional process.
 
 VACATED IN PART AND AFFIRMED AS MODIFIED
 
 
 [1]
 The appellants do not present as an issue the propriety of the amount of counsel fees awarded by the district court
 
 
 [2]
 We do not decide the issue of the collectability of fees for the constitutional issue under Sec. 1988; that issue is not before us. We merely hold that it was not objectively unreasonable to seek such fees