893 F.2d 1104
 1990 Copr.L.Dec. P 26,520, 13 U.S.P.Q.2d 1634
 BIBBERO SYSTEMS, INC., a California corporation,
Plaintiff-Appellant-Cross-Appellee,
v.
COLWELL SYSTEMS, INC., a Delaware corporation,
Defendant-Appellee-Cross-Appellant.
 Nos. 88-1925, 88-2440.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 17, 1989.
Decided Jan. 12, 1990.
As Amended on Denial of Rehearing Feb. 20, 1990.
 
 Anthony B. Diepenbrock, Katherine C. Spellman, John A. Hughes, San Francisco, Cal., for plaintiff-appellant-cross-appellee Bibbero Systems, Inc.
 Matthew D. Powers, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendant-appellee-cross-appellant Colwell Systems, Inc.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, Chief Judge, PREGERSON and REINHARDT, Circuit Judges.
 GOODWIN, Chief Judge:
 
 
 1
 This case requires us to examine the scope of the blank forms rule, 37 C.F.R. Sec. 202.1(c) (1982), which provides that blank forms are not copyrightable. Plaintiff Bibbero Systems, Inc. (Bibbero) contends that Colwell Systems, Inc. (Colwell) infringed upon its copyright by duplicating its medical insurance claim form. The district court granted summary judgment to Colwell, finding that the billing form was an uncopyrightable blank form designed for recording information. On cross-appeal, Colwell argues that the district court erroneously denied its request for attorney's fees. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 Bibbero designs and markets blank forms known as "superbills" which doctors use to obtain reimbursement from insurance companies. Each superbill contains simple instructions to the patient for filing insurance claims; boxes for patient information; simple clauses assigning insurance benefits to the doctor and authorizing release of patient information; and two lengthy checklists for the doctor to indicate the diagnosis and any services performed, as well as the applicable fee. All entries on the checklists are categories specified by the American Medical Association (AMA) or government publications, as are the code numbers accompanying each entry. The superbills differ according to specialty, to reflect the illnesses and treatments most relevant to the individual doctor.
 
 
 3
 The forms are personalized to include the doctor's name and address, the nature of the doctor's practice, and the hospitals or clinics at which services may be performed. Doctors may use either the checklists provided on the sample form, or may create their own checklists of the most relevant diagnoses, treatments and procedures. Bibbero encourages doctors to create their own checklists, which most doctors choose to do.
 
 
 4
 Bibbero includes approximately 25 or 30 sample superbills in its catalog. Bibbero claims a copyright in each of these forms, as well as in the forms designed by its customers. Bibbero has supplied the family practice superbill at issue in this case since 1984. The superbill contains a notice of copyright.
 
 
 5
 In its fall 1987 catalog, Colwell featured a superbill which was nearly identical to Bibbero's superbill, except for slightly different typefaces and shading, as well as a different sample doctor's name and address. Bibbero saw Colwell's superbill in Colwell's catalog. Bibbero then submitted an application to register its superbill with the Copyright Office, and a certificate of copyright was issued effective October 13, 1987. Upon the issuance of the certificate, Bibbero demanded that Colwell cease infringing upon its copyright in the superbill. Colwell refused to comply with Bibbero's demand, and Bibbero brought suit in district court. Bibbero moved for a preliminary injunction to prevent Colwell from distributing its fall 1987 catalog or future catalogs containing the infringing superbill, and from selling superbills which infringe upon Bibbero's copyright.
 
 
 6
 After taking the deposition of Bibbero's president, Michael Buckley, Colwell moved for summary judgment on the basis that Bibbero's superbill was not copyrightable because the work was a "blank form" among other reasons.
 
 
 7
 The district court granted summary judgment to Colwell, denied Bibbero's motion for a preliminary injunction, and dismissed Bibbero's complaint. The district court held that Bibbero's superbill is a blank form which, under the doctrine of Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879), now codified at 37 C.F.R. Sec. 202.1(c) (1982), is not copyrightable.
 
 
 8
 1. Is Bibbero's Blank Form "Superbill" Copyrightable?
 
 
 9
 Bibbero contends that the district court erroneously granted summary judgment to Colwell because the superbill is not an uncopyrightable blank form, but instead a form which conveys information. Specifically, Bibbero contends that the superbill contains concise descriptions of medical procedures and diagnoses to ensure fair and accurate billing, provisions for assignment of claims and release of information, and instructions for completion.
 
 
 10
 Bibbero obtained a certificate of registration for its superbill from the Copyright Office. In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid. 17 U.S.C. Sec. 410(c); Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1019 (9th Cir.1985), cert. denied, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986).
 
 
 11
 It is well-established that blank forms which do not convey information are not copyrightable. John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 971 (11th Cir.1983). The blank forms rule, first articulated in Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841, is codified at 37 C.F.R. Sec. 202.1(c) (1982):
 
 
 12
 The following are examples of works not subject to copyright
 
 
 13
 * * *
 
 
 14
 (c) Blank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information and do not in themselves convey information.
 
 
 15
 Although blank forms are generally not copyrightable, there is a well-established exception where text is integrated with blank forms. Where a work consists of text integrated with blank forms, the forms have explanatory force because of the accompanying copyrightable textual material. See Edwin K. Williams & Co. v. Edwin K. Williams & Co.--East, 542 F.2d 1053, 1061 (9th Cir.1976) (combination of instruction book and blank forms constituting an integrated work held to be copyrightable), cert. denied, 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977); Continental Casualty Co. v. Beardsley, 253 F.2d 702, 704 (2d Cir.) (form with inseparable instructions copyrightable), cert. denied, 358 U.S. 816, 79 S.Ct. 25, 3 L.Ed.2d 58 (1958); Januz Marketing Communications, Inc. v. Doubleday & Co., 569 F.Supp. 76, 79 (S.D.N.Y.1982) (same).
 
 
 16
 We agree with the district court that cases interpreting the blank forms rule do not yield a consistent line of reasoning. In support of its contention that the superbill is copyrightable, Bibbero relies on Norton Printing Co. v. Augustana Hospital, 155 U.S.P.Q. 133 (N.D.Ill.1967), in which the court found copyrightable a medical laboratory test form containing a checklist of possible laboratory tests. The court determined that "the format and arrangement used, together with the different boxes and terms, can ... serve to convey information as to the type of tests to be conducted and the information which is deemed important." Bibbero also relies on Harcourt Brace & World, Inc. v. Graphic Controls Corp., 329 F.Supp. 517 (S.D.N.Y.1971) which held that test answer sheets were copyrightable because the sheets were "designed to guide the student in recording his answer" and thus conveyed information. Id. at 524. Bibbero similarly claims that its superbill conveys information.
 
 
 17
 Norton cannot be distinguished from this case. We agree with Colwell, however, that it should be disapproved. Norton indicates a dislike for the blank forms rule, asserting that the rule "has been strongly criticized and would appear to be without foundation." 155 U.S.P.Q. at 134. Harcourt Brace is arguably distinguishable because the answer sheets at issue in that case contained unique symbols to guide students in recording their answers and explanations and answers appeared on some of the answer sheets. Id. at 524. To the extent that Harcourt Brace contravenes the principles established in Baker, however, we decline to follow it.
 
 
 18
 The Copyright Office recently reaffirmed Baker v. Selden, decided not to revise the blank forms regulation, and cited John H. Harland Co. v. Clarke Checks, 207 U.S.P.Q. 664 (N.D.Ga.1980) (declining to follow Harcourt Brace ), aff'd, 711 F.2d 966, 972 n. 8 (11th Cir.1983) (agreeing that Harcourt Brace should not be followed), as a proper interpretation of the regulation. See Notice of Termination of Inquiry Regarding Blank Forms, 45 Fed.Reg. 63297-63300 (September 24, 1980). Despite extensive comments from blank-form suppliers favoring revision of the blank forms rule, the Copyright Office found "no persuasive arguments against the validity of regulation 37 C.F.R. Sec. 202.1(c)." Id. at 63299.
 
 
 19
 We agree with the Eleventh Circuit's "bright-line" approach to the blank forms rule in Clarke Checks. Norton's holding that a medical laboratory test form "conveyed information" because it contained some of the possible categories of information but not others, thus indicating which information was important, is potentially limitless. All forms seek only certain information, and, by their selection, convey that the information sought is important. This cannot be what the Copyright Office intended by the statement "convey information" in 37 C.F.R. 202.1(c).
 
 
 20
 The purpose of Bibbero's superbill is to record information. Until the superbill is filled out, it conveys no information about the patient, the patient's diagnosis, or the patient's treatment. Doctors do not look to Bibbero's superbill in diagnosing or treating patients. The superbill is simply a blank form which gives doctors a convenient method for recording services performed. The fact that there is a great deal of printing on the face of the form--because there are many possible diagnoses and treatments--does not make the form any less blank.[1]
 
 
 21
 We also find that the "text with forms" exception to the blank forms rule is inapplicable here. It is true, as Bibbero notes, that the superbill includes some simple instructions to the patient on how to file an insurance claim using the form, such as "complete upper portion of this form."[2] These instructions are far too simple to be copyrightable as text in and of themselves, unlike the instructions in other "text with forms" cases. See e.g. Williams, 542 F.2d at 1060-61 (account books with several pages of instructions on the use of the forms and advice on the successful management of a service station conveyed information and were therefore copyrightable). We therefore affirm the district court's holding that Bibbero's superbill is not copyrightable.[3]
 
 
 22
 2. Is Colwell Entitled to Attorney's Fees?
 
 
 23
 Colwell cross-appeals the district court's denial of its request for an award of attorney's fees and costs. Colwell also seeks attorney's fees on appeal.
 
 
 24
 17 U.S.C. Sec. 505 allows a court to award attorney's fees to the prevailing party, but a distinction exists between an award of fees to a prevailing plaintiff and an award to a prevailing defendant. In order to receive attorney's fees on a claim of copyright infringement, a prevailing defendant must show that the action was frivolous or brought in bad faith. See Cooling Systems and Flexibles, Inc. v. Stuart Radiator, Inc., 777 F.2d 485, 493-94 (9th Cir.1985); Jartech, Inc. v. Clancy, 666 F.2d 403, 407 (9th Cir.1982), cert. denied, 459 U.S. 879, 103 S.Ct. 175, 74 L.Ed.2d 143 reh'g denied, 459 U.S. 1059, 103 S.Ct. 477, 74 L.Ed.2d 624, second reh'g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983).
 
 
 25
 Colwell attempts to demonstrate bad faith, arguing that Bibbero has engaged in a pattern of harassing competitors through copyright litigation and threats of litigation. Bibbero has sent numerous cease and desist letters, and has sued several other competitors. Nevertheless, nothing in the record demonstrates that Bibbero's other suits were brought to harass competitors, or that Bibbero suffered adverse judgments in those suits.
 
 
 26
 Moreover, as the district court recognized, cases interpreting the blank forms rule are not easily reconciled. Cases such as Norton and Harcourt Brace provide apparent support for Bibbero. Up to now there has been no explicit Ninth Circuit rejection of those cases. Thus, even though Colwell has prevailed, it has not demonstrated that it is entitled to an award of attorneys fees under the Jartech standard.
 
 
 27
 Colwell argues in the alternative that this court should abandon its distinction between prevailing plaintiffs and prevailing defendants.[4] While an en banc panel might consider such an argument, we are bound by Jartech and Cooling Systems. See Olson v. National Broadcasting Co., Inc., 855 F.2d 1446, 1454 (9th Cir.1988).
 
 
 28
 Finally, Colwell suggests that we not require a showing of frivolousness or bad faith where a defendant prevails on summary judgment that the claimed copyright is invalid as a matter of law. As Colwell notes, one purpose of section 505 is to encourage plaintiffs to assert colorable copyright claims and to deter infringement. See Diamond v. Am-Law Publishing Co., 745 F.2d 142, 148 (2d Cir.1984). This purpose could be undermined by the adoption of Colwell's suggestion. The fact that a court determines that a claimed copyright is invalid does not mean that the plaintiff has not presented a colorable claim. As this appeal demonstrates, several cases give apparent support for Bibbero's claim that it has a valid copyright, even though we agree with the district court's holding that Bibbero's superbill was uncopyrightable as a matter of law. We therefore conclude that the district court properly denied Colwell's request for attorney's fees and costs, and that Colwell is not entitled to attorney's fees on appeal.
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 Michael Buckley, the president of Bibbero, claims that the superbill should be copyrightable because considerable effort and creativity went into designing it. Similar comments were submitted to the Copyright Office in support of abolishing the blank forms rule when the Copyright Office reconsidered the rule in 1980. See Notice of Termination of Inquiry Regarding Blank Forms, 45 Fed.Reg. at 63299. The Copyright Office nevertheless chose to reaffirm the validity of the rule
 
 
 [2]
 The complete instructions read as follows:
 
 
 [1]
 Complete upper portion of this form
 
 
 [2]
 Sign and date
 
 
 [3]
 Mail this form directly to your insurance company. You may attach your own insurance company's form if you wish, although it is not necessary
 
 
 [3]
 Bibbero also contends that its superbill is copyrightable as a compilation. Our holding that the superbill falls within the blank forms rule precludes it from being copyrightable as a compilation. A "compilation" is a work formed by the collection and assembling of preexisting materials or data that are selected, coordinated or arranged in such a way that the work as a whole constitutes an original work of authorship, and may consist entirely of uncopyrightable elements. 17 U.S.C. Sec. 101; Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 204 (9th Cir.1989). For example, a collection of common property and blank forms, although not individually copyrightable, may be selected, coordinated or arranged in such a way that they are copyrightable as a compilation. Harper House, 204-07. Here, however, the superbill consists in its entirety of one uncopyrightable blank form and hence cannot be copyrightable as a compilation
 
 
 [4]
 Several other circuits have disagreed with such a high standard for prevailing defendants. See, e.g., Lieb v. Topstone Industries, Inc., 788 F.2d 151, 154-56 (3d Cir.1986); Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir.1982); Cohen v. Virginia Elec. & Power Co., 617 F.Supp. 619, 622 (E.D.Va.1985), aff'd, 788 F.2d 247 (4th Cir.1986)