947 F.2d 949
 1992 Copr.L.Dec. P 26,845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HAWAIIAN ENGRAVING & MFG., INC. dba Golden Crafts Hawaii,
Plaintiff-Appellant,
v.
Kenneth FUJIKAMI, Defendant-Appellee
 No. 90-15997.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Nov. 8, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaiian Engraving ("Hawaiian") appeals the award of attorneys' fees to appellee Kenneth Fujikami, the prevailing party in the copyright action below. We affirm the award of fees in all respects. We also award sanctions on appeal.
 
 
 3
 The award of attorneys' fees below was premised on 17 U.S.C. § 505, which provides:
 
 
 4
 In any civil action under this title, ... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
 
 
 5
 Despite the language of the statute, this Circuit has consistently held that a prevailing defendant must prove that the plaintiff's action was frivolous or brought in bad faith. E.g. Bibbero Systems, Inc. v. Colwell Systems, Inc., 893 F.2d 1104, 1108 (9th Cir.1990).
 
 
 6
 In this case, the district court imposed attorneys' fees on appellants because their claim was "without merit." E.R.Exh. CT, at 2. Hawaiian contends that this finding was insufficient to support an award of fees because frivolity requires more (or less) than the absence of merit. The standard for frivolity is relatively clear: a claim is frivolous if it is not "colorable" or is "without arguable merit." Bibbero, 893 F.2d at 1109 (not colorable); Geshwind v. Garrick, 738 F.Supp. 792, 794 (S.D.N.Y.1990) (objectively without arguable merit), aff'd 927 F.2d 594 (2nd Cir.), cert. denied 60 U.S.L.W. 3257 (1991). See also Neitzke v. Williams, 490 U.S. 319, 328-29 (1989) (equating "frivolous" with "without arguable merit"); Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986) (claim is frivolous under Rule 11 if "there was no reasonable basis for bringing the lawsuit").
 
 
 7
 As the Supreme Court has noted, the mere fact that a claim is unsuccessful does not mean that it is frivolous. Neitzke, 490 U.S. at 329; see also Bibbero, 893 F.2d at 1109. However, this was not a close case. Appellants concede in their brief before this Court that their certificate of copyright registration was "invalid on its face," and that there "certainly were no complex or novel issues of law involved." Fujikami attacked the copyright claim on a wide variety of grounds in his motion for summary judgment; in response, appellants conceded that their claim was without merit by filing a Statement of No Opposition to this motion. Appellants do not argue before this court that there was ever any merit to their copyright claim. They have presented no evidence that would lead us to find that the claim was colorable, or that it possessed any arguable merit.
 
 
 8
 Appellants also challenge the amount of the fees awarded. The district court is entitled to broad discretion in setting the amount of a fee award. Hudson v. Moore Business Forms, 836 F.2d 1156, 1163 (9th Cir.1987). The court need only set forth a "concise but clear" statement of its reasons for fixing the amount the award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Neft v. Vidmark, 923 F.2d 746, 747 n. 1 (9th Cir.1991).
 
 
 9
 In this case, the district court has done more than enough. The court listed and considered the twelve factors identified in Herrington v. Sonoma County, 883 F.2d 739, 746 (9th Cir.1989). It then went item by item through the detailed time accounts provided by appellees, reducing a number of items because it felt the time spent was excessive. The court awarded total fees and costs of $15,627.66. In Orange Production Credit v. Frontline Ventures, 792 F.2d 797, 801 (9th Cir.1986), the Ninth Circuit deferred to the district court in setting the amount of fees because the district court had and reviewed detailed documentation of the fees and costs, and applied the twelve factors. While appellants challenge a number of the specific items Fujikami has claimed, they provide no reasons why the district court has abused its discretion in setting the amounts that it did. Absent such evidence, we defer to the district court.
 
 
 10
 Finally, Fujikami seeks sanctions on appeal. We will award such sanctions where "the result is obvious or the appellant's arguments are wholly without merit." Smith v. C.I.R., 800 F.2d 930, 936 (9th Cir.1986). Such is the case here. Hawaiian challenged the award of sanctions in the district court, but did not even contend that its copyright claim had arguable merit. It challenged the amount of sanctions, but did not offer any reason to suggest that the district court had abused its discretion. On appeal, Hawaiian has not offered any new argument. The decision to appeal "should be a considered one, ... not a knee-jerk reaction to every unfavorable ruling." Libby, McNeill and Libby v. City Nat'l Bank, 592 F.2d 504, 515 (9th Cir.1979). We believe the result in this case was obvious and that the appeal is frivolous.
 
 
 11
 This Court may award attorneys' fees as well as costs as sanction for a frivolous appeal. Hanna Boys Center v. Miller, 853 F.2d 682, 686-87 (9th Cir.1988); Operating Engineers Pension Trust v. Cecil Backhoe Serv., 795 F.2d 1501, 1508 (9th Cir.1986). Accordingly, we award costs and attorneys' fees to appellee. Appellee shall file a statement of costs and fees pursuant to 9th Cir.R. 39-1.6.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3