**TWENTIETH CENTURY FOX FILM CORPORATION, Plaintiff,**

**v.**

**Steve STREETER, Defendants.**

**No. CIV05–594TUC–CKJ.**

United States District Court,
D. Arizona.

March 21, 2006.

Craig H. Kaufman, Quarles & Brady Streich Lang, Tucson, AZ, Karen R. Thorland, Loeb & Loeb LLP, Los Angeles, CA, for Twentieth Century Fox Film Corporation, Plaintiff.

### ORDER

JORGENSON, District Judge.

Plaintiff Twentieth Century Fox Film Corporation ("Film Corp.") has filed an Application for Entry of Default Judgment by the Court [Doc. # 17]. No response has been filed.

### I. *Factual and Procedural Background*

Film Corp. is the holder of pertinent exclusive rights for certain copyrighted motion pictures, including, but not limited to, *Master & Commander: The Far Side of the World* and *Alien vs Predator* (collectively, the "Copyrighted Motion Pictures"). Each of the Copyrighted Motion Pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

On October 11, 2005, Film Corp. filed a Complaint alleging that Film Corp. believes that Defendant Steve Streeter ("Streeter"), without the permission or consent of Film Corp., has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to other, the Copyrighted Motion Pictures. Film Corp. further alleged that Street violated Film Corp.'s exclusive rights of reproduction and distribution. Film Corp. asserts that the alleged acts of infringement were willful, intentional, and in disregard of and with indifference to the rights of Film Corp.

The Complaint was served on Streeter on October 18, 2005. After Streeter failed to file an Answer, Film Corp. filed an Application for Entry of Default. The Clerk of the Court entered default on February 8, 2005, and Film Corp. has now moved for a default judgment.

### II. *Adequacy of Service of Process*

█ As a preliminary matter, the Court addresses the adequacy of the service of process on Streeter. *See e.g., Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1345 (5th Cir.1992) (Where default "is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not." If a court lacks jurisdiction ... because of insufficient service of process, the judgment is void and the district court must set it aside.); *Mason v. Genisco Tech. Corp.,* 960 F.2d 849, 851–52 (9th Cir.1992) (finding that where a plaintiff "failed to serve [defendant] properly ... the default judgments [wa]s void").

Based on the Motion for Entry of Default, including Exhibit 1, it appears that the Complaint was personally served on Streeter on October 18, 2005. See Fed. R.Civ.P. 4(e) (discussing service of process on an individual). Therefore, with the Complaint having been properly served on Streeter, Film Corp. has satisfied the ser-

vice requirements necessary to obtain a default judgment.

### III. *Default Judgment against Streeter*

Rule 55(b)(2), Fed.R.Civ.P., provides for the entry of judgment by default by the court. However, a court may not enter judgment by default against an infant or incompetent person unless he is represented by a general guardian, committee, conservator, or other such representative. *Id.* Moreover, the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501, provides specific requirements which must be fulfilled before a default judgment may be entered. 50 U.S.C. § 520. Streeter is not an infant or incompetent person. Thorland Dec., ¶ 13. Nor is Streeter in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act. Thorland Dec., ¶ 14. Thus, there is nothing in Rule 55(b)(2) or the Soldiers' and Sailors' Civil Relief Act that prevents the Court from entering judgment by default.

### IV. *Default Judgment and Eitel Factors*

■■ Because service appears to have been proper and default judgment may be entered against Streeter, the Court now addresses the merits of Film Corp.'s motion for default judgment. After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed.R.Civ.P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). As default has already been entered in this case, the Court must take as true all factual allegations in Film Corp.'s Complaint except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir.1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks omitted); *Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007 (9th Cir.2002).

### A. *Possibility of Prejudice to Plaintiffs*

■ The Court first considers whether the plaintiff will suffer prejudice if default judgment is not entered. *Eitel.* Based on the documents submitted by Film Corp., it appears that Streeter does not contest the fact that Film Corp. is entitled to statutory damages of $6,000.00 for copyright infringement of the Copyrighted Motion Pictures. Moreover, it appears that Streeter does not contest the fact that Film Corp. is entitled to a permanent injunction enjoining Streeter from infringing Film Corp.'s copyrights, both currently existing and later granted. The Court concludes that Film Corp. would suffer prejudice if its motion for default judgment were denied because it would be "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans,* 238 F.Supp.2d 1172, 1177 (C.D.Cal.2002).

### B. *Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

■■ The Court also considers that *Eitel* "require[s] that a plaintiff state a claim on which the [plaintiff] may recover."

*Philip Morris U.S.A., Inc. v. Castworld Products, Inc.,* 219 F.R.D. 494, 499 (C.D.Cal.2003) (internal quotation marks omitted). In the instant case, Film Corp. has sufficiently stated a valid claim for copyright infringement. A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *LGS Architects, Inc. v. Concordia Homes of Nevada,* 434 F.3d 1150 (9th Cir.2006); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 488–89 (9th Cir.2000) ("Registration is prima facie evidence of the validity of a copyright."). Film Corp. has alleged that it owns the applicable exclusive distribution right to the Copyrighted Motion Pictures, each of the Copyrighted Motion Pictures are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Streeter infringed the exclusive rights of Film Corp. by distributing to others without authorization copies of the Copyrighted Motion Pictures by means of a peer-to-peer network on the Internet, and Streeter's infringement was willful because Streeter either was aware or had reason to be aware that his actions constituted an infringement of Film Corp's rights. Given these allegations and the Court's acceptance of these allegations as true, the Court finds that Film Corp. has adequately shown a copyright infringement.

## C. *Sum of Money at Stake in Action*

■ For the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *California Security Cans,* 238 F.Supp.2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. In this case, the main damage award sought by Film Corp. is the payment of $6,000 ($3,000 for each infringement) as statutory damages instead of actual damages or Streeter's profits. *See,* 17 U.S.C. § 504(c) (statutory damages in a sum of not less than $750 or more than $30,000 as the court considers just); 17 U.S.C. § 504(c)(2) (where an infringement is willful, a court has discretion to increase the award of statutory damages to $150,000 per infringement).

Here, Streeter's conduct was willful and the amount of statutory damages sought by Film Corp. is reasonably related to the costs incurred by Film Corp. in identifying an infringer. The amount of money at stake in relation to Streeter's conduct is proportionate and appropriate.

## D. *Possibility of Dispute Concerning Material Facts*

■ The Court also considers the possibility of dispute as to any material facts in the case. Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Film Corp.'s complaint as true (except for those relating to damages) and (2) Streeter has not made any attempt to challenge Film Corp.'s Complaint or even appear in this case.

## E. *Whether Default Was Due to Excusable Neglect*

■ Usually, a court will ask whether the failure to answer is due to excusable neglect. *See Eitel,* 782 F.2d at 1472 (noting that the fact that the parties were engaged in settlement negotiations excused defendant from failing to answer). In the instant case, Streeter was properly served with the Summons and Complaint on October 18, 2005, was mailed a letter from Film Corp. on November 9, 2005, advising him that if he failed to answer the lawsuit that a default judgment would be

enforced against him, and was mailed the Request to Enter Default on February 1, 2006.[1] Given these circumstances, it is unlikely that Streeter's failure to answer and the resulting default was a result of excusable neglect. *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F.Supp.2d 995, 1005 (N.D.Cal.2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

### F. Policy Underlying Federal Rules of Civil Procedure

 Generally, default judgments are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. However, because a discretionary standard is applied, "default judgments are more often granted than denied." *PepsiCo v. Triunfo–Mex, Inc.,* 189 F.R.D. 431, 432 (C.D.Cal.1999). Indeed, the mere existence of Fed.R.Civ.P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. *California Security Cans,* 238 F.Supp.2d at 1177. Moreover, Streeter's failure to answer the Complaint makes a decision on the merits impractical, if not impossible. Film Corp. attempted to resolve this matter with Streeter, Streeter has failed to respond to the lawsuit, and Film Corp. has specifically pled facts supporting its claim; therefore, the policy encouraging decisions of cases on their merits does not weigh against granting default judgment here.

### V. Injunctive Relief

 Film Corp. has also requested the Court to issue an order permanently enjoining Streeter from infringing any of Film Corp.'s copyrights. Section 502(a) of the Copyright Act specifically authorizes the court to grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir.1993). Film Corp. has alleged that Streeter's conduct is causing irreparable injury that cannot be fully compensated or measured monetarily, and that it will continue to suffer such injury unless the Court enjoins Streeter from continuing to infringe Film Corp.'s copyrights. Compl., ¶ 13. Copyright infringement is presumed to give rise to irreparable injury. *A & M Records, Inc. v. Napster, Inc.,* 114 F.Supp.2d 896, 925 (N.D.Cal.2000) *reversed in part on other grounds, citing Micro Star v. Formgen Inc.,* 154 F.3d 1107, 1109 (9th Cir.1998). Accordingly, when seeking a permanent injunction in copyright cases, irreparable harm is presumed on a showing of success on the merits. *Micro Star,* 154 F.3d at 1109; *Sony Music Entertainment, Inc. v. Global Arts Productions,* 45 F.Supp.2d 1345, 1347 (S.D.Fla.1999); *see also Princeton Univ. Press v. Michigan Document Serv., Inc.,* 99 F.3d 1381, 1392–93 (6th Cir.1996) (holding the weight of authority supports the extension of injunctive relief to future work). Conse-

---

**1.** The Court notes that Streeter has not appeared in this action or demonstrated a clear purpose to defend the suit. *See,* Rule 55(b)(2), Fed.R.Civ.P. (service upon party of written notice of the application for default judgment if party has appeared in the action); *Wilson v. Moore & Associates, Inc.,* 564 F.2d 366, 369 (9th Cir.1977) ("In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."); *Franchise Holding II, L.L.C. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 928 (9th Cir.2004).

quently, Film Corp. need not show irreparable harm, as the default against Streeter satisfies the element of success on the merits.

The Court finds that injunctive relief is appropriate. Monetary damages cannot begin to adequately compensate Film Corp. for the harm caused, and it is likely that the scope of Streeter's infringements was widespread. Despite the fact that Streeter is well aware of Film Corp.'s claims, he has chosen to ignore this lawsuit, suggesting that Streeter does not take seriously the illegality of his infringing activity and that his behavior may not have been affected by the filing of this lawsuit. Moreover, Streeter's means of infringement—an online media distribution system with tens of millions of potential users—has left Film Corp.'s Copyrighted Motion Pictures vulnerable to massive, repeated, and worldwide infringement.[2]

## VI. *Summary*

Based on all the *Eitel* factors discussed above, the Court finds that Film Corp.'s Application for Default Judgment should be granted. Furthermore, the Court finds the issuance of a permanent injunction enjoining Streeter from infringing Film Corp.'s rights under federal or state law to be appropriate.

## VII. *Damages*

 Having determined that the Motion for Default Judgment should be granted, the Court now turns to the matter of damages. Film Corp. seeks $6,000.00 in statutory damages. In determining damages,

the court is to be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, .. but with express qualification that in every case the assessment must be within the prescribed maximum or minimum."

*Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir.1990). Here, Streeter's conduct was willful, Streeter was distributing a pirated copy of one of the Copyrighted Motion Pictures, it is likely that the actual number of works infringed by Streeter is greater than the two brought in this action, Streeter not only downloaded the Copyrighted Motion Pictures, but offered the Copyrighted Motion Pictures to others for download, and Film Corp. has provided evidence that digital piracy is estimated to have cost the motion picture industry in excess of $858.5 million in 2004 and those costs are expected to grow considerably. Statutory damages in the amount of $6,000 is reasonable and just. 17 U.S.C. § 504(c).

## VIII. *Attorneys' Fees and Costs*

Film Corp. has requested an award of fees and costs in the amount of $4,400.91. This amount constitutes $3,905.91 in attorneys' fees and $496.00 in costs. Under the Copyright Act, "the court in its discretion may allow the recovery of full costs ... the court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Court finds that an award in the amount of $496.00 for costs and an award in the amount of $3,905.91 is appropriate.

### A. *Attorneys' Fees Under the Copyright Act*

 Under 17 U.S.C. § 505, district courts have judicial discretion to grant at-

---

**2.** When digital works are distributed via the internet, as in this case, every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works. *A &* *M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013–14 (9th Cir.2001). Accordingly, the process is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright.

torneys' fees to the prevailing party in a copyright action. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). There is not an exact formula for how courts should exercise their discretion to grant attorney fees. *See Id.* at 527–533, 114 S.Ct. 1023. Courts must make their determinations based on equitable circumstances. The Ninth Circuit has identified five non-exclusive factors that a court may consider in deciding whether to award attorneys' fees pursuant to § 505: " 'the degree of success obtained; frivolousness; motivation; objective unreasonableness ... and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1432 (9th Cir.1996), *quoting Jackson v. Axton,* 25 F.3d at 890; *see also Smith v. Jackson,* 84 F.3d 1213, 1221 (9th Cir.1996). However, willful infringement does not, in itself, compel an award of attorney's fees. *Historical Research v. Cabral,* 80 F.3d 377, 379 (9th Cir.1996). These factors should be applied when they are consistent with the purpose of the Copyright Act, which is not merely to discourage copyright infringement. *Fantasy, Inc., v. Fogerty,* 94 F.3d 553, 558 (9th Cir.1996). "The policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." *Id.* at 559. Moreover, the factors are guidelines for a court to exercise its discretion as long the guidelines are faithful to the purposes of the Copyright Act. Thus, courts are not to rely on these factors if they do not encompass those purposes. *Fogerty, Id.* at 558.

### B. *Film Corp.'s Degree of Success*

▮ The Court has found that the merits of Film Corp.'s claims support a default judgment. Moreover, this case does not present a situation where Film Corp. is requesting attorneys' fees for litigating good faith claims of novel or complex legal issues by Streeter. *See e.g., Lotus Development Corp. v. Borland International,* 140 F.3d 70, 74 (1st Cir.1998) (granting attorneys' fees is disfavored when a party pursues an action in good faith in an unsettled area of law and the parties have alike financial resources); *McCulloch v. Albert E. Price, Inc.,* 823 F.2d 316, 322 (9th Cir.1987). Film Corp.'s litigation of the claims has been successful.

### C. *Film Corp.'s Copyright Claims Were Not Frivolous*

▮ Frivolousness is another factor courts use to determine whether to grant attorney fees in a copyright action. *Jackson v. Axton,* 25 F.3d at 890. The United States Supreme Court has stated that a frivolous claim "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Bibbero Systems, Inc. v. Colwell Systems, Inc.,* 893 F.2d 1104, 1109 (9th Cir.1990) (a claim is frivolous if it is not "colorable" or is "without arguable merit"). As the Supreme Court has noted, the mere fact that a claim is unsuccessful does not mean that it is frivolous. *Neitzke,* 490 U.S. at 329, 109 S.Ct. 1827; *see also Bibbero,* 893 F.2d at 1109. The Court having found that the merits of Film Corp.'s claims support a default judgment, the Court finds that Film Corp.'s claims were not frivolous.

### D. *Motivation of Film Corp.*

▮ The Ninth Circuit has emphasized that "in considering motions for attorneys' fees under § 505 of the Copyright Act, the district court should 'seek to promote the Copyright Act's objectives.' " *Magnuson v. Video Yesteryear,* 85 F.3d at 1432. In this case, Film Corp. presented a set of facts that establish copyright infringement. Film Corp.'s motivation is pursuing this

litigation is to protect its copyrights which is one of the objectives of the Copyright Act.

### E. *Film Corp.'s Copyright Claims Were Not Objectively Unreasonable.*

 Film Corp. sufficiently stated a valid claim for copyright infringement and provided support for the claims in the Motion for Default Judgment. The Court has accepted Film Corp.'s allegations that Film Corp. owns the applicable exclusive distribution right to the Copyrighted Motion Pictures, each of the Copyrighted Motion Pictures are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Streeter infringed the exclusive rights of Film Corp. by distributing to others without authorization copies of the Copyrighted Motion Pictures by means of a peer-to-peer network on the Internet, and Streeter's infringement was willful because Streeter either was aware or had reason to be aware that his actions constituted an infringement of Film Corp's rights. Film Corp.'s claim are not objectively unreasonable.

### F. *Consideration of Compensation and Deterrence*

 An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations.

Accordingly, IT IS ORDERED:

1. Film Corp.'s Application for Entry of Default Judgment by the Court [Doc. # 17] is GRANTED;

2. Granting judgment in favor of Film Corp. and against Streeter;

3. Streeter shall pay damages to Film Corp. for infringement of Film Corp.'s copyrights in the motion pictures listed on Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00);

4. Streeter shall pay Film Corp.'s costs of suit herein in the amount of Four Hundred Ninety–Six Dollars ($496.00);

5. Streeter shall pay Film Corp.'s attorneys' fees in the amount of Three Thousand Nine Hundred Five Dollars and Ninety–One Cents ($3905.91);

6. Streeter shall be and hereby is enjoined from directly or indirectly infringing Film Corp.'s rights under federal or state law in the following copyrighted motion pictures:

- *Alien vs. Predator;*

- *Master And Commander: The Far Side Of The World;* and

- any other motion picture, whether now in existence or later created, that is owned or controlled by Film Corp. (or any parent, subsidiary, or affiliate of Film Corp.) ("Film Corp.'s Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Film Corp.'s Motion Pictures, to distribute (i.e., upload) any of Film Corp.'s Motion Pictures, or to make any of Film Corp.'s Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Film Corp.

Streeter also shall destroy all copies of Film Corp.'s Motion Pictures that Streeter has downloaded onto any computer hard drive or server without Film Corp.'s authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Streeter's possession, custody, or control, and;

7. The Clerk of the Court shall enter judgment in favor of Film Corp. and

against Streeter and shall then close its file in this matter.